JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendant
CITY OF ANTIOCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC QUESADA, BENNY PUGH, JR., PAMELA SHERMAN, PATRICIA QUESADA, JUAN CARLOS RIVERA and PAGE BLEHM,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ANTIOCH, a municipal entity form unknown, and DOES 1-50, unknown Antioch Police Officers, Supervisors and Policymakers,<br><br>Defendants. | Case No. CV08-1567 JL<br><br>**DEFENDANT CITY OF ANTIOCH'S ANSWER TO COMPLAINT FOR DAMAGES** |

This answer to Plaintiffs ERIC QUESADA, BENNY PUGH, JR., PAMELA SHERMAN, PATRICIA QUESADA, JUAN CARLOS RIVERA and PAGE BLEHM'S ("Plaintiffs") Complaint for Damages(hereafter "Complaint") is being submitted by Defendant CITY OF ANTIOCH.  Defendant herein demands a jury trial.

## I. INTRODUCTION

1.  This answering Defendant neither admits nor denies the allegations in paragraph 1 as they are legal matters not proper for admission or denial.

## II. JURISDICTION & VENUE

2.  This answering Defendant neither admits nor denies the allegations in paragraphs

2 through 4 as they are legal matters not proper for admission or denial.

### III. PARTIES

In answering paragraphs 5 through 12, this answering Defendant responds as follows.

3. This answering Defendant neither admits nor denies the allegations in paragraph 5 relating to Plaintiff Eric Quesada.

4. This answering Defendant neither admits nor denies the allegations in paragraph 6 relating to Plaintiff Benny Pugh, Jr.

5. This answering Defendant neither admits nor denies the allegations in paragraph 7 relating to Plaintiff Pamela Sherman.

6. This answering Defendant neither admits nor denies the allegations in paragraph 8 relating to Plaintiff Patricia Quesada.

7. This answering Defendant neither admits nor denies the allegations in paragraph 9 relating to Plaintiff Juan Carlos Rivera.

8. This answering Defendant neither admits nor denies the allegations in paragraph 10 relating to Plaintiff Page Blehm.

9. This answering Defendant admits that the City of Antioch is a municipal corporation organized under the laws of the State of California as alleged in paragraph 11.

10. This answering Defendant neither admits nor denies the allegations in paragraph 12 and the unnumbered paragraph below that as they are legal matters not proper for admission or denial. Defendant neither admits nor denies the remaining allegations in paragraph 4.

### IV. FACTUAL ALLEGATIONS

11. In answering paragraphs 13 through 20, this answering Defendant responds as follows.

12. On the night of June 3, 2007, officers from the Antioch Police Department ("APD") responded to a report from a neighbor of "Club Q", a bar located 1611 A Street in Antioch. The neighbor complained of patrons loudly conversing and keeping her awake in an alley way adjacent to her apartment. Officer Joannides ("Joannides") of APD was the first officer to respond.

13. When Joannides arrived, he observed four to six (4-6) people being loud in the alley way. Joannides instructed the subjects to go back into the bar due to their noise. All complied except Plaintiff Eric Quesada ("Quesada"), who faced Joannides. Quesada then raised his arms and walked towards Joannides, yelling profanities at the same time. Someone pulled Quesada back inside the bar at this time.

14. Because the door to the bar had been left open and the music was loud enough to be heard approximately fifty (50) feet outside the bar, Joannides decided to enter the bar and speak with Quesada, who Joannides knew to be the bar owner. Joannides had also been informed that the bar was over capacity that night, and given Quesada's responses towards him, Joannides asked for additional units in order to conduct a "walk through" of the bar.

15. Three additional APD officers arrived to assist Joannides. After being briefed, the officers entered the bar and found it to be clearly over capacity. There was no room to walk; the officers were shoulder to shoulder with the patrons and were forced to keep their hands on their weapons should someone attempt to grab one.

16. The officers located Quesada at the rear of the bar. When Joannides told Quesada he wanted to speak with him outside, Quesada again responded with obscenities, telling Joannides he would not leave. Quesada strongly smelled of alcohol; his eyes were bloodshot and watery and he was unsteady on his feet. Quesada was clearly intoxicated.

17. Joannides again requested Quesada to speak with him outside, as it was too loud inside the bar and the officers were concerned for their safety given the large and hostile crowd. Quesada again refused, and when Joannides attempted to escort Quesada outside, Quesada jerked his arm back and again cursed at Joannides. After Joannides asked Quesada to go outside several additional times, Quesada agreed and began to walk towards the front door. As they walked towards the front door, Quesada stopped and told other bar patrons that the officers were harassing him. Joannides felt that the bar patrons were also trying to keep him from leaving.

18. As the officers and Quesada walked out the front door, Joannides saw numerous patrons following them outside. Joannides followed Quesada and another officer led Quesada outside. Joannides explained to Quesada that he wanted to speak with him away from the noise

DEFENDANT CITY OF ANTIOCH'S ANSWER TO    3
COMPLAINT – CV08-1567 JL

of the bar and the large crowd for officer safety reasons. As they walked out the front door, Quesada stopped and refused to walk any further. Joannides put his hand on Quesada's shoulder and instructed him to continue walking. Instead, Quesada again jerked away from Joannides, then turned towards Joannides and attempted to punch Joannides with a closed fist.

19. Reacting to Quesada's attempted assault and battery, Joannides deployed his ECD (Taser) device and the darts entered Quesada's chest. Quesada would not comply with showing his hands to the officers so had to tased again until he finally complied and was handcuffed.

20. During this same time period, numerous bar patrons filtered out of the bar and other people who were loitering in the parking lot of the bar started to become unruly, aggressive, combative and resistive. Additionally, other patrons in the bar were similarly becoming unruly, aggressive, combative and resistive. There were an estimated 50-100 people in the parking lot. Many people were drinking alcohol in the parking lot of the bar and there was also a strong odor of the use of marijuana.

21. Due to the unruly and combative crowd, significant officer safety issues were raised. Several people willfully resisted the officers and delayed and/or obstructed the officers in their attempts to maintain order and clear the area of the unruly and combative crowd. The persons that fought with and/or resisted the officers and/or delayed and/or obstructed the officers in their duties were then arrested by APD officers.

22. It took almost the entire shift of officers (approximately 20 officers) to clear the crowd in this area and restore order.

23. Many, if not all, of the Plaintiffs were arrested for violations of California Penal Code § 148(a)(1), with other charges.

24. Defendant believes that these criminal charges against Plaintiffs arising out of this incident are still pending in state criminal court.

25. Defendant denies the remaining allegations in paragraphs 13 through 20.

///

## IV. PLAINTIFFS' CLAIMS

### FIRST CAUSE OF ACTION

**False Arrest and Imprisonment**

**42 U.S.C. § 1983, Fourth Amendment to the U.S. Constitution**

**(All Defendants)**

26. In answering paragraph 21, Defendant re-alleges its responses to paragraphs 1 through 20 of the Complaint.

27. Defendant denies the allegations in paragraph 21.

### SECOND CAUSE OF ACTION

**Unlawful and Excessive Force**

**42 U.S.C. § 1983, 1986; Fourth Amendment to the U.S. Constitution**

**(All Defendants)**

28. In answering paragraph 22, Defendant re-alleges its responses to paragraphs 1 through 20 of the Complaint.

29. Defendant denies the allegations in paragraph 22.

### THIRD CAUSE OF ACTION

**Freedom of Speech and Association**

**42 U.S.C. § 1983, First Amendment to the U.S. Constitution**

**Compensatory Damages (All Defendants)**

30. In answering paragraph 23, Defendant re-alleges its responses to paragraphs 1 through 20 of the Complaint.

31. Defendant denies the allegations in paragraph 23.

### FOURTH CAUSE OF ACTION

**Unconstitutional Policy and Practice (*Monell-Adickes*)**

**42 U.S.C. § 1983, First, Fourth & Fourteenth Amendments**

**City of Antioch**

32. In answering paragraph 24, Defendant re-alleges its responses to paragraphs 1

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

through 20 of the Complaint.

33. Defendant denies the allegations in paragraph 24.

### FIFTH CAUSE OF ACTION

### Violation of California Civil Rights

### *Bane Act*, Cal. Civil Code §§ 52.1 and 52

### (All Defendants)

34. In answering paragraph 25, Defendant re-alleges its responses to paragraphs 1 through 20 of the Complaint.

35. Defendant denies the allegations in paragraph 25.

### SIXTH CAUSE OF ACTION

### Violation of California Civil Rights

### *Ralph Act*, Cal. Civil Code §§ 51.7 and 52

### (Various Plaintiffs v. Various Defendants)

36. In answering paragraph 26, Defendant re-alleges its responses to paragraphs 1 through 20 of the Complaint.

37. Defendant denies the allegations in paragraph 26.

### SEVENTH CAUSE OF ACTION

### Cal. Constitution, Art. I, §§ 815.2 and 815.6

### And California Common Law

38. In answering paragraphs 27 through 28, Defendant re-alleges its responses to paragraphs 1 through 20 of the Complaint.

39. Defendant denies the allegations in paragraphs 27 through 28.

### EIGHTH CAUSE OF ACTION

### Defamation and Invasion of Privacy (False Light)

### California Common Law

### (All Defendants)

40. In answering paragraphs 29 through 30, Defendant re-alleges its responses to paragraphs 1 through 20 of the Complaint.

41. Defendant denies the allegations in paragraphs 29 through 30.

## NINTH (A) CAUSE OF ACTION[1]

### Intentional Infliction of Emotional Distress

### California Common Law

### (All Defendants)

42. In answering paragraphs 31 through 32, Defendant re-alleges its responses to paragraphs 1 through 20 of the Complaint.

43. Defendant denies the allegations in paragraphs 31 through 32.

## NINTH (B) CAUSE OF ACTION (B)

### Conspiracy and Cover Up

### California Common Law

### (All Defendants)

44. In answering paragraphs 33 through 34, Defendant re-alleges its responses to paragraphs 1 through 20 of the Complaint.

45. Defendant denies the allegations in paragraphs 33 through 34.

## V. DAMAGES AND REMEDIES

46. This answering Defendant neither admits nor denies the allegations and prayer for relief in the Damages and Remedies section of the Complaint as they are legal matters not proper for admission or denial.

## AFFIRMATIVE DEFENSES

1. AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, this answering Defendant alleges that said Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

2. AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiffs have failed to state facts sufficient to support a prayer for punitive damages against this answering Defendant in Plaintiffs' Complaint herein.

---

[1] As Plaintiffs have alleged two "Ninth" causes of action, one is referred to as "A", the other "B" for ease of reference.

DEFENDANT CITY OF ANTIOCH'S ANSWER TO COMPLAINT – CV08-1567 JL      7

3.  AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, this answering Defendant alleges that at all times and places mentioned in the Complaint herein, the Plaintiffs failed to mitigate the amount of their damages, if any. The damages claimed by Plaintiffs could have been mitigated by due diligence on their part or by one acting under similar circumstances. The Plaintiffs' failure to mitigate is a bar to their recovery under the Complaint.

4.  AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiffs' own negligence in and about the matters alleged in their Complaint herein was the sole proximate cause of the happening of the incident, and of the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiffs bars recovery to Plaintiffs or, in the alternative, that said Plaintiffs' negligence in and about the matters alleged in the Complaint herein proximately contributed to the happening of the accident and to the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiffs requires that any damages awarded Plaintiffs shall be diminished as required by the law of the State of California in proportion to the amount of fault attached to said Plaintiffs.

5.  AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiffs have failed to state a cause of action in that each of the causes of action as alleged herein are barred by provisions of Sections 312 through 362 of the California Code of Civil Procedure.

6.  AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiffs had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in his actions and the magnitude of the risk involved, assumed the risk of injuries and damages to themselves.

7.  AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiffs' unclean hands preclude any recovery by Plaintiffs.

8.  AS AND FOR A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering Defendants allege that the Plaintiffs, by virtue of their own conduct and omissions,

have enhanced and materially contributed to the damages, if any there may be, allegedly sustained by Plaintiffs as a result of the acts or omissions complained of herein.

9. AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering Defendant allegse that there is no statutory or other basis for the attorney's fees sought by Plaintiffs.

10. AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering Defendant alleges that the matters complained of by Plaintiffs, if committed by Defendants, were consented to by Plaintiffs.

11. AS AND FOR A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering Defendant alleges that at all times herein mentioned, the acts complained of, if any there were, were privileged under applicable statutes and case law.

12. AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering Defendant alleges that is immune from liability herein and/or Plaintiffs' claims are time barred pursuant to the provisions of California Government Code Sections 800 through 996.6.

13. AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering Defendant alleges that the alleged acts or omissions of the peace officers complained of in the Complaint herein were based upon the peace officer's reasonable belief that the Plaintiffs had committed crimes in the officer's presence and the officer used reasonable force to detain Plaintiffs, effect the arrest, prevent the escape and/or overcome the resistance of said Plaintiffs; and Defendants are therefore immune by virtue of the provisions of Section 836.5(a) and 836.5(b) of the Penal Code.

14. AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering Defendant alleges that at or about the time of the alleged event, the Defendant's employees were presented with and had in their possession sufficient facts to constitute probable cause for the arrest of Plaintiffs.

15. AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering Defendant alleges that at all times herein mentioned, all actions taken by the

Defendant's employees were reasonable under the circumstances and taken under a good faith belief that the actions were not unlawful and Defendant and its employees are therefore immune under the "good faith immunity" and/or qualified immunity doctrines.

16.     AS AND FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, this answering Defendant alleges that only such reasonable force as was necessary and lawful under the circumstances was used by the Defendant and its employees.

17.     AS AND FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant and its employees alleges that Plaintiffs, themselves, were violent, combative, threatening, and/or battering to the employees of the Defendant and the Defendant employees acted in self-defense.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for the following relief:

1.  That plaintiffs take nothing by way of their Complaint herein;
2.  For costs of suit;
3.  For attorney's fees;
4.  For such further relief as this Court may deem just and proper.

Dated: May 7, 2008

McNamara, Dodge, Ney, Beatty, Slattery, Pfalzer, Borges & Brothers LLP

By: _____
James V. Fitzgerald, III / Noah G. Blechman
Attorneys for Defendant
CITY OF ANTIOCH

DEFENDANT CITY OF ANTIOCH'S ANSWER TO COMPLAINT – CV08-1567 JL        10