# McNamara, Dodge, Ney, Beatty, Slattery, Pfalzer, Borges & Brothers LLP

### ATTORNEYS AT LAW

MICHAEL J. NEY
THOMAS G. BEATTY
ROBERT M. SLATTERY
THOMAS E. PFALZER
GUY D. BORGES
ROGER J. BROTHERS
GARY R. JOHNSON
JAMES V. FITZGERALD, III
MARTIN J. AMBACHER
ROBERT W. HODGES
J. WESLEY SMITH
PAUL B. WALSH
ANN H. LARSON
R. DEWEY WHEELER
SETH J. SCHWARTZ
ROBERT W. LAMSON

RICARDO A. MARTINEZ
DIANNE KREMEN COLVILLE
LISA R. ROBERTS
DENISE BILLUPS-SLONE
J. LUCIAN DODSON III
JAMES E. ALLEN
ERIC G. LUNDBERG
DENISE J. SERRA
WILMA J. GRAY
HOWARD PATRICK SWEENEY
PETER J. HIRSIG
PATRICK L. MOORE
RICHARD M. McNEELY
GARY A. WATT
NOAH G. BLECHMAN
MICHAEL P. CLARK

JENIFER K. LEECE
BARBARA L. MILLER
CATHLEEN A. IRWIN
JENNIFER A. PHILLIPS
SUZANNE FOLEY SPRAGUE
SHARON A. GARSKE
MILOSLAV KHADILKAR
PETER W. SEKELICK
JEANNE C. SHIH
TONYA R. DRAEGER
HENRY WILLIAMS III
MATTHEW P. SULLIVAN
CARRIE E. CROXALL
AARON M. SCOLARI
SHAWN F. HARDING
PETRA BRUGGISSER

CHRISTOPHER N. ODNE
NOLAN S. ARMSTRONG
MARK P. IEZZA
CHRISTOPHER T. LUSTIG
BARTON J. CERIONI
RYAN J. BARNCASTLE
MILJOY B. LINSAO
TANNER D. BRINK
CHRISTINE E. GARSKE
WILLIAM L. McCASLIN
CONNOR M. DAY
KEVIN T. KERR
ANDREA N. de KONING
NATHANIEL A. SMITH
RAYELLE D. SABO
J. GARRET DEAL

SOLANO COUNTY OFFICE
639 KENTUCKY STREET, FIRST FLOOR
FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-3998
FACSIMILE: (707) 427-0268

SAN JOAQUIN COUNTY OFFICE
2316 ORCHARD PARKWAY, SUITE 120
TRACY, CA 95377
TELEPHONE: (877) 839-5330
FACSIMILE: (209) 839-6758

PARTNERS EMERITUS
DANIEL J. McNAMARA
DOUGLAS C. McCLURE

RICHARD E. DODGE
(1941 – 2000)

OF COUNSEL
WILLIAM K. HOUSTON, JR.
ANTHONY J. DeMARIA

1211 NEWELL AVENUE
WALNUT CREEK, CA 94596-5331

**PLEASE RESPOND TO:**
P.O. BOX 5288
WALNUT CREEK, CA 94596

TELEPHONE: (925) 939-5330
FACSIMILE: (925) 939-0203

www.mcnamaralaw.com

July 25, 2008

Noah G. Blechman
noah.blechman@mcnamaralaw.com

Hon. Magistrate Judge James Larson
U.S. District Court, Northern District of California
450 Golden Gate Avenue, 15th Floor
San Francisco, CA 94102

Re:     **Quesada, et al. v. City of Antioch et al.**
        Case No. C08-1567 JL

Dear Hon. Judge Larson:

On July 9, 2008, the parties attended the initial case management conference with Your Honor wherein the parties discussed the issue of staying the discovery and trial of this matter until the final resolution of the ongoing criminal cases involving three of the six Plaintiffs in this case, including Plaintiff Eric Quesada, the initial alleged instigator of this incident, Mr. Pugh and Mr. Rivera.  These pending criminal charges (resisting arrest) arise out of the same issues raised in the Federal action (namely wrongful arrest and excessive force).  The Court wanted the parties to letter brief this stay issue and the interplay between the pending criminal cases and the issues in this civil context, including a <u>Heck v. Humphrey</u> evaluation.  This letter brief is now Defendants' position in that regard in pursuit of an order staying the discovery and trial of this entire action per the <u>Younger</u> doctrine and <u>Heck</u> line of cases pending the outcome and resolution of the related state criminal proceedings.

## A.     **Factual Background**

On the night of June 3, 2007, officers from the Antioch Police Department ("APD") responded to a report from a neighbor of "Club Q", a bar located at 1611 A Street in Antioch, California.  The neighbor complained of patrons loudly conversing and keeping her awake in an

Hon. Magistrate Judge James Larson
July 25, 2008
Page 2

Re:    Quesada, et al. v. City of Antioch et al.,
       Case No. C08-1567 JL

alley way adjacent to her apartment.  Officer Joannides ("Joannides") of APD was the first
officer to respond.

       When Joannides arrived, he observed several people being loud in the alley way.
Joannides instructed the subjects to go back into the bar due to their noise.  All complied except
Plaintiff Eric Quesada ("Quesada"), who faced Joannides, then raised his arms and walked
towards Joannides while yelling profanities.  Someone pulled Quesada back inside the bar at this
time.  Because the door to the bar had been left open and the music was loud enough to be heard
approximately fifty feet outside the bar, Joannides decided to enter the bar and speak with
Quesada, who Joannides knew to be the bar owner or relative of the bar owner.  Joannides had
also been informed that the bar was over capacity that night, and given Quesada's responses
towards him, Joannides asked for additional units in order to conduct a "walk through" of the
bar.

       Three additional APD officers arrived to assist Joannides.  After being briefed, the
officers entered the bar and found it to be far over capacity.  There was no room to walk; the
officers were shoulder to shoulder with the patrons and were forced to keep their hands on their
weapons should someone attempt to grab one.  The officers located Quesada at the rear of the
bar.  When Joannides told Quesada he wanted to speak with him outside, Quesada again
responded with obscenities, telling Joannides he would not leave.  Quesada strongly smelled of
alcohol, his eyes were bloodshot and watery and he was unsteady on his feet.  Quesada was
clearly intoxicated.

       Joannides again requested Quesada to speak with him outside as it was too loud inside
the bar and the officers were concerned for their safety given the large and hostile crowd.
Quesada again refused and when Joannides attempted to escort Quesada outside, Quesada jerked
his arm back and again cursed at Joannides.  After Joannides asked Quesada to go outside
several additional times, Quesada agreed and began to walk towards the front door.  As they
walked towards the front door, Quesada stopped and told other bar patrons that the officers were
harassing him.  Joannides felt that the bar patrons were also trying to keep him from leaving.

       As the officers and Quesada walked out the front door, Joannides saw numerous patrons
following them outside.  Joannides followed Quesada and another officer led Quesada outside.
Joannides explained to Quesada that he wanted to speak with him away from the noise of the bar
and the large crowd for officer safety reasons.  As they walked out the front door, Quesada
stopped and refused to walk any further.  Joannides put his hand on Quesada's shoulder and
instructed him to continue walking.  Instead, Quesada again jerked away from Joannides, then
turned towards Joannides and attempted to punch Joannides with a closed fist.

Hon. Magistrate Judge James Larson
July 25, 2008
Page 3

Re:    Quesada, et al. v. City of Antioch et al.,
       Case No. C08-1567 JL

Reacting to Quesada's attempted assault and battery, Joannides deployed his taser device at Quesada.  Quesada would still not comply with showing his hands to the officers so he had to be tased again until he finally complied and was handcuffed shortly thereafter.

During this same time period, numerous bar patrons filtered out of the bar and other people who were loitering in the parking lot of the bar started to become unruly, aggressive, combative and resistive.  Additionally, other patrons in the bar were similarly becoming unruly, aggressive, combative and resistive.  There were an estimated 50-100 people in the parking lot. Many people were drinking alcohol in the parking lot of the bar and there was also a strong odor of the use of marijuana.  Due to the unruly and combative crowd, significant officer safety issues were raised.  Several people willfully resisted the officers and delayed and/or obstructed the officers in their attempts to maintain order and clear the area of the unruly and combative crowd.  The persons that fought with, resisted, delayed and/or obstructed the officers in their duties were then arrested by APD officers, some of which were the six Plaintiffs in this action.  It took almost the entire shift of officers (approximately 20 officers) to clear the crowd in this area and restore order.

In relation to the other Plaintiffs that have criminal charges pending, Plaintiff Benny Pugh's ("Pugh") alleged resistance was as follows.  While Quesada was being handcuffed, an African-American male, later identified as Pugh, came out of the club in an angry manner.  With his fists clenched, Pugh walked swiftly at several officers yelling "you fucking assholes, let him go" referring to Quesada.  Pugh was warned to stay away, but instead pushed an officer and said "fuck you mother fucker."  Pugh was then tased, though it had little effect on him as Pugh tried to flee on foot.  He was tased again and this caused him to fall to the ground.  Against orders, Pugh tried to get to his feet and was then drive stunned with the taser and was then handcuffed and taken into custody.

In terms of Plaintiff Juan Rivera ("Rivera"), his alleged resistance was as follows.  While officers were taking two females into custody, a large male was standing at the main entrance to the club and was screaming and cursing at officers, causing a loud commotion.  He was very angry and was acting aggressively towards officers.  Rivera was then removed from the doorway and immediately became combative and ignored officer commands.  He refused to put his arms behind his back and would pull away from officers when they grabbed his arms.  Rivera clinched his fists and took a fighting stance when he was approached.  Due to his resistance, Rivera was then taken to the ground.  On the ground, Rivera continued to resist officers' attempts to handcuff him by kicking his legs into the air in an attempt to strike officers, grabbing at the officers and moving his arms around.  Rivera was ignoring all commands to stop resisting.  After a further struggle and resistance from Rivera, Rivera was eventually handcuffed and controlled.

Hon. Magistrate Judge James Larson
July 25, 2008
Page 4

Re:    Quesada, et al. v. City of Antioch et al.,
       Case No. C08-1567 JL


Of the six Plaintiffs arrested, three of them still have pending criminal charges against them in Contra Costa Superior Court. This is undisputed by the parties. Plaintiff Quesada, the alleged instigator to this incident, is charged with misdemeanor violations of California Penal Code § 69 and 148(a)(1), namely resisting arrest charges. The other two involved parties, Pugh and Rivera, similarly have criminal charges for resisting arrest per California Penal Code 148(a)(1) pending against them. (See Certified Criminal Complaint, attached as **Exhibit A**).[1]

### B.    Legal Arguments

Due to the fact that several of the Plaintiffs in this civil rights case have pending state law criminal prosecutions that are ongoing arising out of this incident, this civil rights matter should be stayed per the Younger doctrine and in preparation for a potential Heck v. Humphrey bar pending the outcome of the criminal case.

### 1.    Plaintiffs' Civil Claims

In this case, Plaintiffs' civil rights contentions include claims for the following relevant causes of action:

- Alleged violation of the Fourth Amendment for false arrest and imprisonment (First Cause of Action);

- Alleged violation of the Fourth Amendment for unlawful and excessive force (Second Cause of Action);

- Alleged violation of the Bane and Ralph Act for state civil rights claims (Fifth and Sixth Causes of Action);

- Alleged state law claim for portraying Plaintiffs in false light (Eighth Cause of Action);

- Alleged state law claim for intentional infliction of emotional distress (Ninth (A) Cause of Action);

- Alleged state law claim for conspiracy and cover up of lawfulness of arrests (Ninth (B) Cause of Action).[2]

---

[1] Defendants request that the Court takes judicial notice of this official record per FRE 201.
[2] Plaintiffs' Complaint lists two Ninth Causes of Action so this one will be referred to as "Ninth (B)."

Hon. Magistrate Judge James Larson
July 25, 2008
Page 5

Re:    Quesada, et al. v. City of Antioch et al.,
       Case No. C08-1567 JL


In essence, Plaintiffs' Complaint indicates that Plaintiffs were arrested without reason or just provocation and excessive force was used to effect those arrests. Plaintiffs were also arrested on false charges. Ultimately, Plaintiffs allege the arrests were groundless and false, without legal purpose or justification, were excessive and subjected Plaintiffs to assaults and batteries. In order to prove these civil claims, Plaintiffs, including Quesada, Pugh and Rivera, need to prove that their arrests were unlawful and that the force used to effect those arrests was excessive, issues that will be directly at play in these Plaintiffs pending state criminal proceedings.

            2.     Criminal Allegations Against Plaintiffs

As stated above, in essence, the three Plaintiffs at issue in this motion have pending criminal matters relating to claims of resisting arrest. Plaintiff Quesada, the alleged instigator to this incident, is charged with misdemeanor violations of California Penal Code ("PC") §§ 69 and 148(a)(1). The other two Plaintiffs, Pugh and Rivera, have criminal charges for resisting arrest per PC § 148(a)(1). (See Exhibit A).

To be convicted under PC § 69, the prosecution will have to show that Quesada unlawfully used force or violence to resist the officers performing their law enforcement duties. (See CALCRIM Instruction No. 2652, attached as **Exhibit B)**. Importantly for this motion for a stay, a peace officer is not lawfully performing his duties if he is unlawfully arresting or detaining someone or using unreasonable or excessive force in his duties. (See CALCRIM Instruction No.'s 2652, 2670, attached as **Exhibit B)**. In other words, a person cannot be convicted of a violation of PC § 69 unless the involved officer(s) was acting lawfully and unless the officer(s) was using only reasonable and appropriate force. Therefore, if Quesada is convicted of this crime (via a plea bargain or per a jury verdict), the conviction is a judicial determination that the arrest and force used to effect that arrest were lawful.

Similarly, to be convicted under PC § 148(a)(1), the prosecution will have to show that Quesada, Pugh and Rivera willfully resisted, obstructed or delayed the officers in the performance of their duties. (See CALCRIM Instruction No. 2656, attached as **Exhibit B)**. This is essentially a lesser offense to PC § 69. Again, a peace officer is not lawfully performing his duties if he is unlawfully arresting or detaining someone or using unreasonable or excessive force in his duties. (See CALCRIM Instruction No.'s 2656, 2670, attached as **Exhibit B)**. If an arrest is found to be unlawful, a defendant cannot be convicted of that section. People v. White (1980) 101 Cal.App.3d 161, 166. Likewise, if a defendant is convicted of resisting arrest under either PC §§ 69 or 148(a)(1), that arrest is deemed to be lawful in all respects. In other words, if the officer or officers involved in the arrest acted unlawfully in their detention, arrest or used unreasonable or excessive force in effecting that arrest, which are all available defenses to

Hon. Magistrate Judge James Larson
July 25, 2008
Page 6

Re:    <u>Quesada, et al. v. City of Antioch et al.,</u>
       Case No. C08-1567 JL

criminal defendants to such criminal charges, then the criminal defendant cannot be convicted of such crimes. <u>**Lawful performance by the officers in an element of these criminal charges**</u>.

As lawful performance by the officers is an element to these charges, Plaintiffs' false arrest, unreasonable and excessive force contentions via the Fourth Amendment in this civil rights case, with attendant state law claims, are <u>directly tied</u> to the outcome of Plaintiffs' criminal actions. For example, if Plaintiffs are exonerated in the criminal actions after a trial or the charges are dropped, they can still claim in this civil case that the officers acted unlawfully in the arrest process or in the force they used. However, should Plaintiffs be convicted of any of these crimes, those convictions act as judicial findings and ratifications that the arrests of these Plaintiffs were lawful, giving these civil Defendants significant ammunition to challenge Plaintiffs' claimed unlawfulness of these arrests in the civil context. As seen further below, such convictions may act to bar any subsequent civil rights claim for the unlawfulness of these convictions per the <u>Heck v. Humphrey</u> line of cases. In essence, a stay of this action is necessary as significant discovery, trial and evidentiary issues will turn on the outcome of the underlying and pending criminal cases involving these three Plaintiffs, with overlapping issues as to the other three Plaintiffs who have not been criminally charged. The <u>*Younger*</u> doctrine commands such a stay, as seen below.

3.    The <u>*Younger*</u> Doctrine Should Be Applied to Stay These Civil
      Proceedings During the Pendency of the Criminal Cases

In essence, the abstention doctrine set forth in <u>Younger v. Harris</u>, 401 U.S. 37 (1971), prevents a federal court in most circumstances from interfering with criminal proceedings in state court. <u>Younger</u> involved a state criminal prosecution which the federal plaintiff sought to enjoin on the ground that the state's criminal syndicalism law, under which he was charged, was unconstitutional. The Court held that equitable relief was unwarranted because a proceeding was pending in state court when the federal plaintiff sought to enjoin it, the state proceeding afforded the claimant an opportunity to raise his constitutional claims and there was no showing that the state prosecution was brought in bad faith. <u>Id.</u> at 43-45. The Court observed that Congress over the years has manifested an intent to permit state courts to try state cases free from federal interference due to the constraints of equity jurisdiction and the concern for comity in our federal system, with comity being the more vital consideration. <u>Id.</u> Comity is a proper respect for state functions, including ongoing criminal prosecutions. <u>Id.</u>

Overall, under <u>Younger</u>, a federal court, in the absence of extraordinary circumstances, cannot interfere with a pending state criminal prosecution. Note that the <u>Younger</u> rationale applies throughout appellate proceedings, requiring the state appellate review of a conviction be

Hon. Magistrate Judge James Larson
July 25, 2008
Page 7

Re:    Quesada, et al. v. City of Antioch et al.,
       Case No. C08-1567 JL

exhausted before federal court intervention is permitted. Huffman v. Pursue, Ltd., 420 U.S. 592,
607-611 (1975).

More recently, the Gilbertson case in this Circuit clarified the application of this
abstention doctrine to stay a civil rights action where Plaintiff was seeking damages. Gilbertson
v. Albright (9th Cir. 2004) 381 F.3d 965, 968. In Gilbertson, the federal plaintiff was a land
surveyor whose Oregon license to survey was revoked and not reinstated by the State Board of
Examiners for Engineering and Land Surveying ("Board"). Gilbertson appealed both decisions
to the Oregon Court of Appeals while at the same time he filed a federal action seeking damages
from members of the Board for violations of his First Amendment rights, his right to due process
and for denying him equal protection. The district court dismissed the action on the basis of the
*Younger* abstention. The Ninth Circuit found that Younger principles applied to actions at law
(ie. damages actions) as well as for injunctive or declaratory relief because a determination that
the federal plaintiff's constitutional rights have been violated would have the same practical
effect as a declaration or injunction on pending state proceedings. However, rather than dismiss
the federal action, the Court stated that the federal action should be stayed until the state
proceedings are completed. Id. at 968, 982.

In the Ninth Circuit, a Younger abstention is appropriate if "(1) there are ongoing judicial
proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate
opportunity in the state proceedings to raise federal questions." Dubinka v. Judges of the
Superior Court of the State of California (9th Cir. 1994) 23 F.3d 218, 223.

Here, it is undisputed that there are ongoing criminal proceedings versus the three above
listed Plaintiffs in Contra Costa County Superior Court. (See Exhibit A). The first requirement
of Younger is met. It also cannot be disputed that state criminal prosecutions implicate
important state interests. Juidice v. Vail, 430 U.S. 327, 334 (1977). State criminal proceedings
implicate California's interest in prosecuting state criminal laws, free from federal interference.
Peyton v. Burdick, 2008 U.S. Dist. LEXIS 32198, *9 (E.D. Cal. 2008). Therefore, the second
requirement of Younger is also satisfied.

The third requirement of Younger is also satisfied here. Due to the fact that there are
ongoing state criminal proceedings against these three Plaintiffs for resisting arrest, those
Plaintiffs (criminal defendants) can raise their federal claims that the officer(s) behavior was
essentially unconstitutional (unjustified seizure and/or excessive force under the Fourth
Amendment) in the criminal cases. When the prosecutor of the Contra Costa County Superior
Court provides evidence that these Plaintiffs resisted arrest, Plaintiffs can defend those criminal
allegations by setting forth evidence that the officers unlawfully arrested them and/or used
unreasonable or excessive force to effect those arrests. As such, Plaintiffs will have an

Hon. Magistrate Judge James Larson
July 25, 2008
Page 8

Re:     Quesada, et al. v. City of Antioch et al.,
        Case No. C08-1567 JL

opportunity to adequately litigate their claims of unconstitutional behavior under the Fourth Amendment in the ongoing state criminal proceedings, satisfying this third element to Younger.

The recent case of Peyton v. Burdick, 2008 U.S. Dist. LEXIS 32198, *9 (E.D. Cal. 2008), is instructive. In that case, a pro se prisoner and pre-trial detainee filed suit against the detective that arrested him for violating the terms of his parole by providing false and misleading evidence, committing perjury and also violating his Fourth Amendment right to be free from unreasonable arrest and his Fourteenth Amendment right to due process of law. Id. at *4. The Court found that the Younger requirements were met as the state criminal proceedings were ongoing, state criminal proceedings are important state interests, and Plaintiff had an adequate opportunity to litigate his claims of unconstitutional behavior in the state criminal action. Id. at *5-10. As all three elements of Younger were satisfied and no extraordinary circumstances were demonstrated to prevent abstention, the federal action was stayed.

Furthermore, in Herships v. Superior Court of California, 2007 U.S. Dist. LEXIS 62643 (N.D. Cal. 2007), Judge Jenkins stayed a federal civil rights case brought by a pro se Plaintiff (and criminal defendant) until the pending criminal case against the Plaintiff had resolved. Plaintiff alleged that Defendant Kirsch, a Santa Clara County Deputy District Attorney, initiated a baseless criminal action against him and solicited false allegations against him. Id. at *10. Judge Jenkins reasoned that resolving the issues raised by Plaintiff's damage claims against Kirsch would require the Court to make determinations as to whether the criminal charges giving rise to the state criminal proceedings were filed as part of an improper conspiracy or with an improper motive, as well as determinations as to whether Kirsch solicited false testimony from witnesses against Plaintiff. Adjudication of such issues would have the practical effect of interfering with the state court's resolution of the pending criminal proceedings and would run afoul of the Younger abstention doctrine. Therefore, a stay was appropriate. Id. at *10-11.

Other circuits are in line with the application of Younger when a related criminal action is still pending. See Kyricopoulos v. Town of Orleans, 967 F.2d 15, 15 & n. 1 (1st Cir. 1992) (appropriate to stay federal action for damages pending conclusion of state criminal proceedings); O'Neil v. City of Philadelphia, 32 F.3d 785, 789 (3rd Cir. 1994) (same); Schilling v. White, 58 F.3d 1081, 1084 & n. 3 (6th Cir. 1995) (same); Alleghany Corp. v. McCartney, 896 F.2d 1138, 1142 (8th Cir. 1990) (same); Phelps v. Hamilton, 59 F.3d 1058, 1064 (10th Cir. 1995) (same).

A practical example as to why this matter should be stayed is the following illustration. Assuming Defendants notice the depositions of the three Plaintiffs that have ongoing criminal actions, it is more than likely that Plaintiffs' counsel will object to any questions regarding those Plaintiffs' behavior per the Fifth Amendment against self-incrimination as the criminal cases are

Hon. Magistrate Judge James Larson
July 25, 2008
Page 9

Re:    Quesada, et al. v. City of Antioch et al.,
       Case No. C08-1567 JL

still ongoing. In essence, Defendants would be prevented from obtaining directly relevant information pertaining to the alleged civil rights action from these Plaintiffs due to the pending criminal matter. Defendants should not be forced to do piece-meal depositions of these Plaintiffs which would unnecessarily drive the cost and expenses up for Defendants. This obstruction by these Plaintiffs (criminal defendants) would also hinder Defendants with regard to the discovery of the intertwined testimony of the other Plaintiffs, further hampering Defendants in their preparation of their defenses in this matter. This illustration is a clear example as to why a stay is necessary in this action until the conclusion of Plaintiffs' criminal cases.

All in all, it is clear that Your Honor should stay this federal action in all respects per the Younger doctrine pending the outcome and resolution of the ongoing criminal cases involving three of the six Plaintiffs. The outcome of those criminal cases will have a major bearing on the issues to be determined and decided, as well as evidentiary issues, in this federal civil rights case.

         4.    Another Justification for the Stay of These Proceedings is to
               Evaluate a Potential Bar to Plaintiffs' Civil Rights Claims Per the
               Heck v. Humphrey Line of Cases

A further justification for a stay of these proceedings is to preserve Defendants' right to bring a motion to potentially bar these involved Plaintiffs' constitutional claims should they be convicted of resisting arrest per Heck v. Humphrey and its progeny. Assuming for the purposes of these arguments that the Plaintiffs are all convicted of resisting arrest under California law, an issue that cannot be determined as the criminal cases are still pending. These convictions, as stated above, would validate the lawfulness of the officers' actions in arresting and using force to effect those arrests of Plaintiff. Allowing Plaintiffs to then collaterally attack those convictions in this Federal action claiming that the officers' actions were unconstitutional would be improper and would tend to undermine their criminal convictions.

More specifically, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S. C. § 1983 ("§ 1983") plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Green v. Dunburgh, U.S. Dist. LEXIS 9473, *7 (N.D. Cal. 2002), citing Heck v. Humphrey, 512 U.S. 477, 486-487 (1994) (hereafter "Heck"). A claim for damages bearing such a relationship to a conviction or sentence that has not been so invalidated is **not cognizable** under § 1983. Id. (emphasis added). In Heck, the Supreme Court explained in footnote 6 that a successful § 1983 action, premised on a police officer's use of excessive force during an arrest, would necessarily imply the invalidity of the

Hon. Magistrate Judge James Larson
July 25, 2008
Page 10

Re:   Quesada, et al. v. City of Antioch et al.,
      Case No. C08-1567 JL

plaintiff's conviction for resisting that arrest in a state where the lawfulness of the resisted arrest was a prima facie element of the resisting-arrest offense. Heck, at 486 n.6. **California is such a state where the lawfulness of the resisted arrest is a prima facie element of the crime of PC § 69 and PC § 148(a)(1).** Nuno v. County of San Bernardino, 58 F. Supp.2d 1127, 1133 (C.D. Cal. 1999). (emphasis added).

Though courts have stated that Heck generally does not bar claims for use of excessive force during the course of an arrest because such claims rarely imply the invalidity of most subsequent convictions or sentences, this rule does not apply to convictions under PC § 69 and similar crimes such as PC § 148(a)(1). Green v. Dunburgh, at 8-9. The rationale for this rule is as follows. In order to be convicted under PC § 69 or PC § 148(a)(1), it must be established that the officer or officers were engaged "in the performance of his duty." Green v. Dunburgh, at 8-9. This requires that the officer be engaged in the "lawful" performance of his official duties. Id.; citing from People v. Simons, 42 Cal.App.4th 1100, 1108 (1996). In other words, a conviction under PC § 69 or PC § 148(a)(1) is essentially an admission that the officers involved were engaged in the lawful performance of their official duties, including the force used to effect that arrest.

For example, in Green, the plaintiff claimed he was arrested with excessive force. Green v. Dunburgh, U.S. Dist. LEXIS 9473, *2-6 (N.D. Cal. 2002. He pled no contest[3] to one count of resisting arrest, by the use of force or violence, executive officers in the performance of their duties, in violation of PC § 69. The officers moved for summary judgment under Heck. (Id). Judge Charles R. Breyer found that plaintiff's claim that Officer Boettger used excessive force in the course of his arrest necessarily implies that the arrest was "unlawful" because "it is a public offense for a peace officer to use unreasonable and excessive force in effecting an arrest." Id. at 8-9; citing from People v. Olguin, 119 Cal.App.3d 39, 45 (1981). The court reasoned that a determination that Officer Boettger used excessive force in the course of arresting Green therefore would impermissibly imply that the element of being engaged in the lawful performance of his duty is not satisfied and that the conviction under PC § 69 is invalid. Green, at 9; Heck, 512 U.S. at 487. As the force used by the officer was used when the officer was trying to restrain and arrest Green, Judge Breyer ruled that Green's excessive force claim against Officer Boettger is barred under the rationale of Heck and must be dismissed. Green, at 9.

---

[3] The fact that Green's and generally a defendant's convictions resulted from pleas of no contest are of no consequence because, for the purposes of Heck analysis, a plea of nolo contendre to these crimes in a California criminal action has the same force and effect as a guilty plea or jury verdict of guilty. Nuno v. County of San Bernardino, 58 F. Supp.2d 1127, 1135-1136 (C.D. Cal. 1999).

Hon. Magistrate Judge James Larson
July 25, 2008
Page 11

Re:    Quesada, et al. v. City of Antioch et al.,
       Case No. C08-1567 JL


There are ample authorities in clear conformity with this Green mandate. In Stewart v. City of San Jose, Judge Breyer again granted summary judgment in favor of Officer Guerrero because it was undisputed that plaintiff's actions during the course of his arrest in that case resulted in his conviction for resisting Officer Guerrero in the performance of his duties in violation of PC § 69, and that the conviction has yet to be invalidated. Stewart v. City of San Jose, U.S. Dist. LEXIS 6295 *2-3 (N.D. Cal. 2003). See also Gilmore v. Wade Eubanks et al, U.S. Dist. LEXIS 3000 *4-7 (N.D. Cal. 1999) (Plaintiff's conviction for resisting arrest under the misdemeanor charge of PC § 148[4] is fatal to his section 1983 claim under Heck); Cook v. A. Mata et al, U.S. Dist. LEXIS 12346 * 1-5 (N.D. Cal. 1999) (Same); Combs v. Parris et al, U.S. Dist LEXIS 18743, *2-6 (N.D. Cal. 2001) (Plaintiff's conviction for violation of PC § 245(c, assaulting the defendant police officers with a deadly weapon during the arrest, barred his claim of excessive force under the rationale of Heck); Miller v. Whitney, U.S. Dist. LEXIS 17687 *2-6 (N.D. Cal. 2000) (Same); Frost v. City and County of San Francisco, U.S. Dist. LEXIS 337453 (N.D. Cal. 2006) (Plaintiff's conviction for battery against police officers barred his claim for excessive force under Heck); Cabrera v. City of Huntington Park, 159 F.3d 374 (9th Cir. 1998) (Section 1983 claim for false arrest and false imprisonment barred by Heck).

Applying these binding authorities to the case at issue, it is clear that another valid basis for the stay of this matter is that Plaintiffs convictions for resisting arrest under PC §§ 69 or 14(a)(1) may preclude them from claiming the involved officers actions were unconstitutional per Heck and its progeny. In other words, allowing this civil rights matter to move forward without a final determination as to the innocence or guilt of Plaintiffs regarding claimed resisting arrest charges would essentially be forcing Defendants to waive their right to bring a motion per the Heck authorities for issues that are to be decided in the pending criminal actions. This is improper and Defendants seek to preserve their Heck arguments via a stay of this civil action pending the outcome of Plaintiffs' criminal cases.

Convictions, via plea or jury verdict, may preclude Plaintiffs from raising some of the constitutional issues in this civil case. Heck and its progeny make it very clear that failing to stay this action would potentially expose Defendants to inconsistent findings regarding the same facts and circumstances surrounding the Plaintiffs' arrests. If the lawfulness of Plaintiffs' arrests are upheld in the state criminal proceeding, then Plaintiffs' would be barred from re-litigating those same constitutional issues in this case and such claims may even be outright barred under

---

[4] PC § 148 is a similar resisting arrest type statute that is a more general crime than PC § 69 and requires only proof of "obstruction of a peace officer," though this statute still requires that the officer or officers were performing their lawful duties at the time of the arrest, so the analysis is the same. Nuno v. County of San Bernardino, 58 F. Supp.2d 1127, 1134 (C.D. Cal. 1999).

Hon. Magistrate Judge James Larson
July 25, 2008
Page 12

Re:    Quesada, et al. v. City of Antioch et al.,
       Case No. C08-1567 JL

Heck. Overall, it would be unjust and premature to allow this civil rights matter to go forward while Plaintiffs' directly related criminal matters are ongoing and remain unresolved.

For Plaintiffs (the criminal defendants) to prove their claims of false arrest and excessive force against these Defendant officers, Plaintiffs would have to show that the officers acted unlawfully during the course of their arrests, which would be in contravention of the legal requirements for any conviction under PC §§ 69 and 148(a)(1). The Heck doctrine was created to prevent civil litigants from impermissibly attempting to collaterally attack their criminal convictions for various crimes, for example under PC §§ 69 and 148(a)(1), in this civil arena. Here, it is clear that that until Plaintiffs' criminal cases are resolved, the parties cannot yet determine whether or not Plaintiffs' civil rights claims in this civil action will be considered a collateral attack of their conviction. In other words, this action must be stayed to see whether or not Plaintiffs are convicted at all. This is yet another basis upon which the Court should stay this entire action.

>    5.    The Court Cannot Stay A Portion of This Action Due to Fact that Some of the Plaintiffs Are Not Involved in the Criminal Action Without Exposing Defendants to Severe Prejudice

Defendants would suffer severe prejudice if the Court attempted to only stay a portion of this matter as only half of the Plaintiffs have pending criminal cases. Firstly, only Defendants would be burdened by such a ruling as Plaintiffs could conduct discovery freely while Defendants would likely be limited to discovery versus only those Plaintiffs that have no criminal charges pending. This would be an unfair advantage by the Plaintiffs. Secondly, if a portion of this matter goes forward and a portion gets stayed, there is a good possibility that the trial of this civil matter could go forward before the final resolution of the Plaintiffs' (criminal defendants) criminal cases are complete, through appeal. This could expose Defendants to duplicity of actions and would burden Defendants, a public entity and public officers, to increased expenses and exposure.

Finally, Plaintiff Eric Quesada was the alleged instigator that led to the disruptive behavior which, in essence, led to the arrests of all of the Plaintiffs. Preventing Defendants from being able to perform discovery of the key Plaintiff and form their defenses around that discovery is patently unfair. Also, the arrest of all Plaintiffs are tightly intertwined making it unreasonable and unfair to parse out some of the claims and Plaintiffs for discovery (and perhaps trial). Defendants are entitled to build their defense and have the factfinder hearing of all events involving all parties as that is the situation and threat profiles to which they were presented. A full and complete picture of all events on the date these Plaintiffs were arrested is needed to ensure Defendants of a fair trial and process. Only a complete stay of this entire action as to all

Hon. Magistrate Judge James Larson
July 25, 2008
Page 13

Re:    Quesada, et al. v. City of Antioch et al.,
       Case No. C08-1567 JL


Plaintiffs will suffice to preserve the status quo as to all parties, including the Defendants, and would prevent unfair prejudice against Defendants.

## **CONCLUSION**

All in all, there are several independent and persuasive grounds upon which this Court should stay this entire action. The Court should apply the Younger abstention and stay this entire action as Plaintiffs' criminal actions are still pending. Further, Heck and its progeny command that a stay of this entire action be put in place to preserve Defendants arguments for preventing Plaintiffs from collaterally attacking any conviction in this civil arena. Finally, a stay to only a portion of this action would cause Defendants to suffer severe and patent prejudice which is unjust. Overall, Defendants rightly seek a stay of this entire action pending the final resolution of the three involved Plaintiffs' criminal proceedings, through any rights of appeal.

Should you have any questions, please do not hesitate to contact the undersigned, or James V. Fitzgerald, III, the lead trial attorney on this matter.

                              Very truly yours,


                              Noah G. Blechman

NGB:ssa

Encls. – Exhibits A, B

Cc:    Jai M. Gohel, Esq.
       Dennis Cunningham, Esq.

# EXHIBIT A

FEB 1 9 2008

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
PITTSBURG

THE PEOPLE OF THE STATE OF CALIFORNIA,

VS.

BENNY PUGH, AND
JESSE ERIC QUESADA, AND
JUAN CARLOS RIVERA, AND
MARCUS WAYNE DAVIS JR,

DEFENDANT(S).

F I L E D

FEB 2 1 2008

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA, PITTSBURG

By_____
Deputy Clerk

NO. 156616-5
DA NO. C 07 009217-1
COMPLAINT - MISDEMEANOR

01) PC 69
02) PC 148(a)(1)
03) PC 69
04) PC 148(a)(1)
05) PC 148(a)(1)
06) PC 148(a)(1)
07) PC 148(a)(1)

The undersigned states, on information and belief, that
JESSE ERIC QUESADA, Defendant, did commit a misdemeanor, a violation
of PENAL CODE SECTION 69 (RESISTING EXECUTIVE OFFICER), committed as
follows:

On or about June 3, 2007, at Antioch, in Contra Costa County, the
Defendant, JESSE ERIC QUESADA, did willfully and unlawfully attempt
by means of threats and violence to deter and prevent Officer
Joannides, who was an executive officer, from performing a duty
imposed upon the officer by law, and knowingly resisted by the use of
force and violence and by means of threats of violence the executive
officer in the performance of duty.


COUNT TWO:

The undersigned further states, on information and belief, that
JESSE ERIC QUESADA, Defendant, did commit a misdemeanor, a violation
of PENAL CODE SECTION 148(a)(1) (RESIST, OBSTRUCT, OR DELAY A PEACE
OFFICER), committed as follows:

On or about June 3, 2007, at Antioch, in Contra Costa County, the
Defendant, JESSE ERIC QUESADA, did willfully and unlawfully resist,
delay, and obstruct a public officer, a peace officer or an emergency
medical technician in the discharge of and the attempt to discharge a
duty of his or her office.



THE FOREGOING INSTRUMENT IS A
CORRECT COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.

JUL 3 2008

ATTEST
_____ Deputy Clerk

PEOPLE V. BENNY PUGH; ET AL

~~PAGE   2~~

NO. 156616-5
~~DA NO. C 07 009217-1~~

## COUNT THREE:

The undersigned further states, on information and belief, that
MARCUS WAYNE DAVIS JR, Defendant, did commit a misdemeanor, a
violation of PENAL CODE SECTION 69 (RESISTING EXECUTIVE OFFICER),
committed as follows:

On or about June 3, 2007, at Antioch, in Contra Costa County, the
Defendant, MARCUS WAYNE DAVIS JR, did willfully and unlawfully
attempt by means of threats and violence to deter and prevent Officer
Sapp, who was an executive officer, from performing a duty imposed
upon the officer by law, and knowingly resisted by the use of force
and violence and by means of threats of violence the executive
officer in the performance of duty.

## COUNT FOUR:

The undersigned further states, on information and belief, that
MARCUS WAYNE DAVIS JR, Defendant, did commit a misdemeanor, a
violation of PENAL CODE SECTION 148(a)(1) (RESIST, OBSTRUCT, OR DELAY
A PEACE OFFICER), committed as follows:

On or about June 3, 2007, at Antioch, in Contra Costa County, the
Defendant, MARCUS WAYNE DAVIS JR, did willfully and unlawfully
resist, delay, and obstruct a public officer, a peace officer or an
emergency medical technician in the discharge of and the attempt to
discharge a duty of his or her office.

## COUNT FIVE:

The undersigned further states, on information and belief, that
BENNY PUGH, Defendant, did commit a misdemeanor, a violation of PENAL
CODE SECTION 148(a)(1) (RESIST, OBSTRUCT, OR DELAY A PEACE OFFICER),
committed as follows:

On or about June 3, 2007, at Antioch, in Contra Costa County, the
Defendant, BENNY PUGH, did willfully and unlawfully resist, delay,
and obstruct a public officer, a peace officer or an emergency
medical technician in the discharge of and the attempt to discharge a
duty of his or her office.

PEOPLE V. BENNY PUGH; ET AL                    NO. 156616-5

~~PAGE   3~~                                   ~~DA NO. C 07 009217-1~~

## COUNT SIX:

The undersigned further states, on information and belief, that,
Defendant, did commit a misdemeanor, a violation of PENAL CODE
SECTION 148(a)(1) (RESIST, OBSTRUCT, OR DELAY A PEACE OFFICER),
committed as follows:

On or about June 3, 2007, at Antioch, in Contra Costa County, the
Defendant,, did willfully and unlawfully resist, delay, and obstruct
a public officer, a peace officer or an emergency medical technician
in the discharge of and the attempt to discharge a duty of his or her
office.

## COUNT SEVEN:

The undersigned further states, on information and belief, that
JUAN CARLOS RIVERA, Defendant, did commit a misdemeanor, a violation
of PENAL CODE SECTION 148(a)(1) (RESIST, OBSTRUCT, OR DELAY A PEACE
OFFICER), committed as follows:

On or about June 3, 2007, at Antioch, in Contra Costa County, the
Defendant, JUAN CARLOS RIVERA, did willfully and unlawfully resist,
delay, and obstruct a public officer, a peace officer or an emergency
medical technician in the discharge of and the attempt to discharge a
duty of his or her office.

COMPLAINANT REQUESTS THAT DEFENDANT(S) BE DEALT WITH ACCORDING TO LAW.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND
CORRECT.
DATED: February 13, 2008   AT MARTINEZ, CALIFORNIA

                                    OFFICER BARAKOS
                                    COMPLAINANT

JEFFREY KOLKO/cl
DEPUTY DISTRICT ATTORNEY            ANTIOCH POLICE DEPARTMENT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
PITTSBURG

THE PEOPLE OF THE STATE OF CALIFORNIA,

     V.

BENNY PUGH

             DEFENDANT(S)./

NO. 156616-5
DA NO. C 07 009217-1
DECLARATION

F I L E D
FEB 21 2008
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA - PITTSBURG
By_____ Deputy Clerk

THE UNDERSIGNED DECLARES:

    DECLARANT IS AN OFFICER OF THE AGENCY SHOWN BELOW, WHICH AGENCY HAS CONDUCTED AN OFFICIAL INVESTIGATION INTO THE ABOVE-ENTITLED CAUSE.  ATTACHED HERETO AND INCORPORATED HEREIN BY REFERENCE AS IF SET FORTH IN FULL ARE COPIES OF THE DOCUMENTS, LISTED BELOW, AND ATTENDANT DOCUMENTS THERETO.

 ANTIOCH POLICE DEPARTMENT      CASE NO. 07-5686

    SAID INCORPORATED DOCUMENTS WERE PREPARED IN THE ORDINARY COURSE OF BUSINESS AND PURSUANT TO THE SWORN DUTY OF THE OFFICER SUBSCRIBING SAME.

    DECLARANT IS INFORMED AND THEREFORE BELIEVES THAT SAID DEFENDANT COMMITTED THE OFFENSE(S) CHARGED IN THE ACCOMPANYING COMPLAINT IN THE MANNER AND BY THE MEANS AS SET FORTH IN SAID INCORPORATED DOCUMENTS AND THEREFORE PRAYS

   (XX)  THAT A WARRANT BE ISSUED FOR THE ARREST OF SAID DEFENDANT.

   (XX)  DEFENDANT BE HELD IN CUSTODY UNTIL BAIL IS POSTED.

    I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATED: February 13, 2008

                             OFFICER BARAKOS
                             DECLARANT

                             ANTIOCH POLICE DEPARTMENT
                             AGENCY

ORDER

THE COURT FINDS, BASED ON THE DECLARATION FILED HEREIN, THAT THERE IS PROBABLE CAUSE TO BELIEVE THE ABOVE-NAMED DEFENDANT COMMITTED THE CRIME(S) ALLEGED IN THE COMPLAINT AND ORDERS THAT:

        ( ) A WARRANT BE ISSUED FOR THE ARREST OF SAID DEFENDANT.
        ( ) DEFENDANT BE HELD IN CUSTODY UNTIL BAIL IS POSTED.
        ( ) BAIL SET AT $_____.

DATED:

                             JUDGE OF THE SUPERIOR COURT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
PITTSBURG

THE PEOPLE OF THE STATE OF CALIFORNIA,

        v.

JESSE ERIC QUESADA

                   DEFENDANT(S)./

NO. 156616-5
DA NO. C 07 009217-1
DECLARATION

F I L E D

FEB 2 1 2008

SUPERIOR COURT STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA - PITTSBURG
By _____
Deputy Clerk

THE UNDERSIGNED DECLARES:

    DECLARANT IS AN OFFICER OF THE AGENCY SHOWN BELOW, WHICH AGENCY HAS
CONDUCTED AN OFFICIAL INVESTIGATION INTO THE ABOVE-ENTITLED CAUSE.  ATTACHED
HERETO AND INCORPORATED HEREIN BY REFERENCE AS IF SET FORTH IN FULL ARE
COPIES OF THE DOCUMENTS, LISTED BELOW, AND ATTENDANT DOCUMENTS THERETO.

ANTIOCH POLICE DEPARTMENT        CASE NO. 07-5686

    SAID INCORPORATED DOCUMENTS WERE PREPARED IN THE ORDINARY COURSE OF
BUSINESS AND PURSUANT TO THE SWORN DUTY OF THE OFFICER SUBSCRIBING SAME.

    DECLARANT IS INFORMED AND THEREFORE BELIEVES THAT SAID DEFENDANT
COMMITTED THE OFFENSE(S) CHARGED IN THE ACCOMPANYING COMPLAINT IN THE
MANNER AND BY THE MEANS AS SET FORTH IN SAID INCORPORATED DOCUMENTS AND
THEREFORE PRAYS

(XX)  THAT A WARRANT BE ISSUED FOR THE ARREST OF SAID DEFENDANT.

(XX)  DEFENDANT BE HELD IN CUSTODY UNTIL BAIL IS POSTED.

    I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND
CORRECT.

DATED: February 13, 2008

                                                      
OFFICER BARAKOS
DECLARANT

ANTIOCH POLICE DEPARTMENT
AGENCY

─────────────────────────────────── ORDER ───────────────────────────────────

THE COURT FINDS, BASED ON THE DECLARATION FILED HEREIN, THAT THERE IS
PROBABLE CAUSE TO BELIEVE THE ABOVE-NAMED DEFENDANT COMMITTED THE CRIME(S)
ALLEGED IN THE COMPLAINT AND ORDERS THAT:

      ( )  A WARRANT BE ISSUED FOR THE ARREST OF SAID DEFENDANT.
      ( )  DEFENDANT BE HELD IN CUSTODY UNTIL BAIL IS POSTED.
      ( )  BAIL SET AT $_____.

DATED:

                                                      
JUDGE OF THE SUPERIOR COURT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
PITTSBURG

THE PEOPLE OF THE STATE OF CALIFORNIA,

        V.

JUAN CARLOS RIVERA

                DEFENDANT(S)./

NO. 156616-5
DA NO. C 07 009217-1
DECLARATION

F I L E D

FEB 2 1 2008

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA - PITTSBURG
By _____
          Deputy Clerk

THE UNDERSIGNED DECLARES:

    DECLARANT IS AN OFFICER OF THE AGENCY SHOWN BELOW, WHICH AGENCY HAS
CONDUCTED AN OFFICIAL INVESTIGATION INTO THE ABOVE-ENTITLED CAUSE.  ATTACHED
HERETO AND INCORPORATED HEREIN BY REFERENCE AS IF SET FORTH IN FULL ARE
COPIES OF THE DOCUMENTS, LISTED BELOW, AND ATTENDANT DOCUMENTS THERETO.

ANTIOCH POLICE DEPARTMENT        CASE NO. 07-5686

    SAID INCORPORATED DOCUMENTS WERE PREPARED IN THE ORDINARY COURSE OF
BUSINESS AND PURSUANT TO THE SWORN DUTY OF THE OFFICER SUBSCRIBING SAME.

    DECLARANT IS INFORMED AND THEREFORE BELIEVES THAT SAID DEFENDANT
COMMITTED THE OFFENSE(S) CHARGED IN THE ACCOMPANYING COMPLAINT IN THE
MANNER AND BY THE MEANS AS SET FORTH IN SAID INCORPORATED DOCUMENTS AND
THEREFORE PRAYS

(XX)  THAT A WARRANT BE ISSUED FOR THE ARREST OF SAID DEFENDANT.

(XX)  DEFENDANT BE HELD IN CUSTODY UNTIL BAIL IS POSTED.

    I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND
CORRECT.

DATED: February 13, 2008

                              OFFICER BARAKOS
                              DECLARANT

                              ANTIOCH POLICE DEPARTMENT
                              AGENCY

ORDER

THE COURT FINDS, BASED ON THE DECLARATION FILED HEREIN, THAT THERE IS
PROBABLE CAUSE TO BELIEVE THE ABOVE-NAMED DEFENDANT COMMITTED THE CRIME(S)
ALLEGED IN THE COMPLAINT AND ORDERS THAT:

        ( ) A WARRANT BE ISSUED FOR THE ARREST OF SAID DEFENDANT.
        ( ) DEFENDANT BE HELD IN CUSTODY UNTIL BAIL IS POSTED.
        ( ) BAIL SET AT $_____.

DATED:

                              JUDGE OF THE SUPERIOR COURT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
PITTSBURG

THE PEOPLE OF THE STATE OF CALIFORNIA,

     V.

MARCUS WAYNE DAVIS JR

          DEFENDANT(S)./

NO. 156616-5
DA NO. C 07 009217-1
DECLARATION

THE UNDERSIGNED DECLARES:

    DECLARANT IS AN OFFICER OF THE AGENCY SHOWN BELOW, WHICH AGENCY HAS
CONDUCTED AN OFFICIAL INVESTIGATION INTO THE ABOVE-ENTITLED CAUSE.   ATTACHED
HERETO AND INCORPORATED HEREIN BY REFERENCE AS IF SET FORTH IN FULL ARE
COPIES OF THE DOCUMENTS, LISTED BELOW, AND ATTENDANT DOCUMENTS THERETO.

ANTIOCH POLICE DEPARTMENT        CASE NO. 07-5686

    SAID INCORPORATED DOCUMENTS WERE PREPARED IN THE ORDINARY COURSE OF
BUSINESS AND PURSUANT TO THE SWORN DUTY OF THE OFFICER SUBSCRIBING SAME.

    DECLARANT IS INFORMED AND THEREFORE BELIEVES THAT SAID DEFENDANT
COMMITTED THE OFFENSE(S) CHARGED IN THE ACCOMPANYING COMPLAINT IN THE
MANNER AND BY THE MEANS AS SET FORTH IN SAID INCORPORATED DOCUMENTS AND
THEREFORE PRAYS

(XX)   THAT A WARRANT BE ISSUED FOR THE ARREST OF SAID DEFENDANT.

(XX)   DEFENDANT BE HELD IN CUSTODY UNTIL BAIL IS POSTED.

    I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND
CORRECT.

DATED: February 13, 2008

                               OFFICER BARAKOS
                               DECLARANT

                               ANTIOCH POLICE DEPARTMENT
                               AGENCY

ORDER

THE COURT FINDS, BASED ON THE DECLARATION FILED HEREIN, THAT THERE IS
PROBABLE CAUSE TO BELIEVE THE ABOVE-NAMED DEFENDANT COMMITTED THE CRIME(S)
ALLEGED IN THE COMPLAINT AND ORDERS THAT:

        ( ) A WARRANT BE ISSUED FOR THE ARREST OF SAID DEFENDANT.
        ( ) DEFENDANT BE HELD IN CUSTODY UNTIL BAIL IS POSTED.
        ( ) BAIL SET AT $_____.

DATED:

                               JUDGE OF THE SUPERIOR COURT

# EXHIBIT B

## 2652. Resisting an Executive Officer in Performance of Duty
### (Pen. Code, § 69)

The defendant is charged [in Count _____] with resisting an executive officer in the performance of that officer's duty [in violation of Penal Code section 69].

To prove that the defendant is guilty of this crime, the People must prove that:

1. The defendant [unlawfully] used force [or violence] to resist an executive officer;

2. When the defendant acted, the officer was performing (his/her) lawful duty;

AND

3. When the defendant acted, (he/she) knew the executive officer was performing (his/her) duty.

An *executive officer* is a government official who may use his or her own discretion in performing his or her job duties. [(A/An) _____ <*insert title, e.g., peace officer, commissioner, etc.*> is an *executive officer*.]

[A sworn member of _____ <*insert name of agency that employs peace officer*>, authorized by _____ <*insert appropriate section from Pen. Code, § 830 et seq.*> to _____ <*describe statutory authority*>, is a *peace officer*.]

[The duties of (a/an) _____ <*insert title of officer specified in Pen. Code, § 830 et seq.*> include _____ <*insert job duties*>.]

<*When lawful performance is an issue, give the following paragraph and Instruction 2670, Lawful Performance: Peace Officer.*>

[A peace officer is not lawfully performing his or her duties if he or she is (unlawfully arresting or detaining someone/ [or] using unreasonable or excessive force in his or her duties). Instruction 2670 explains (when an arrest or detention is unlawful/ [and] when force is unreasonable or excessive).]

*New January 2006*

564

(Pub. 1284)

Copyright 2008 Judicial Council of California. Published by LexisNexis Matthew Bender, official publisher of the Judicial Council Jury Instructions.

CRIMES AGAINST GOVERNMENT                    CALCRIM No. 2652

## BENCH NOTES

### Instructional Duty

The court has a **sua sponte** duty to give this instruction defining the elements of the crime.

In order to be "performing a lawful duty," an executive officer, including a peace officer, must be acting lawfully. (*In re Manuel G.* (1997) 16 Cal.4th 805, 816 [66 Cal.Rptr.2d 701, 941 P.2d 880]; *People v. Gonzalez* (1990) 51 Cal.3d 1179, 1217 [275 Cal.Rptr. 729, 800 P.2d 1159].) The court has a **sua sponte** duty to instruct on lawful performance and the defendant's reliance on self-defense as it relates to the use of excessive force when this is an issue in the case. (*People v. Castain* (1981) 122 Cal.App.3d 138, 145 [175 Cal.Rptr. 651]; *People v. Olguin* (1981) 119 Cal.App.3d 39, 46–47 [173 Cal.Rptr. 663]; *People v. White* (1980) 101 Cal.App.3d 161, 167–168 [161 Cal.Rptr. 541].)

If there is an issue in the case as to the lawful performance of a duty by a peace officer, give the last bracketed paragraph and CALCRIM No. 2670, *Lawful Performance: Peace Officer*.

If a different executive officer was the alleged victim, the court will need to draft an appropriate definition of lawful duty if this is an issue in the case.

## AUTHORITY

- Elements.   Pen. Code, § 69.
- General Intent Offense.   *People v. Roberts* (1982) 131 Cal.App.3d Supp. 1, 9 [182 Cal.Rptr. 757].
- Lawful Performance Element to Resisting Officer.   *In re Manuel G.* (1997) 16 Cal.4th 805, 816 [66 Cal.Rptr.2d 701, 941 P.2d 880].

### Secondary Sources

2 Witkin & Epstein, California Criminal Law (3d ed. 2000) Crimes Against Governmental Authority, § 119.

1 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 11, *Arrest*, § 11.06[3] (Matthew Bender).

3 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 73, *Defenses and Justifications*, § 73.15[2] (Matthew Bender).

## LESSER INCLUDED OFFENSES

Penal Code section 148(a) may be a lesser included offense.

(Pub. 1284)

Copyright 2008 Judicial Council of California. Published by LexisNexis Matthew Bender, official publisher of the Judicial Council Jury Instructions.

## 2656. Resisting Peace Officer, Public Officer, or EMT (Pen. Code, § 148(a))

The defendant is charged [in Count _____] with (resisting[,]/ [or] obstructing[,]/ [or] delaying) a (peace officer/public officer/emergency medical technician) in the performance or attempted performance of (his/her) duties [in violation of Penal Code section 148(a)].

To prove that the defendant is guilty of this crime, the People must prove that:

1. _____ *<insert name, excluding title>* was (a/an) (peace officer/public officer/emergency medical technician) lawfully performing or attempting to perform (his/her) duties as a (peace officer/public officer/emergency medical technician);

2. The defendant willfully (resisted[,]/ [or] obstructed[,]/ [or] delayed) _____ *<insert name, excluding title>* in the performance or attempted performance of those duties;

AND

3. When the defendant acted, (he/she) knew, or reasonably should have known, that _____ *<insert name, excluding title>* was (a/an) (peace officer/public officer/emergency medical technician) performing or attempting to perform (his/her) duties.

Someone commits an act *willfully* when he or she does it willingly or on purpose. It is not required that he or she intend to break the law, hurt someone else, or gain any advantage.

[A person who is employed as a police officer by _____ *<insert name of agency that employs police officer>* is a *peace officer.*]

[A person employed by _____ *<insert name of agency that employs peace officer, e.g., "the Department of Fish and Game">* is a *peace officer* if _____ *<insert description of facts necessary to make employee a peace officer, e.g., "designated by the director of the agency as a peace officer">.*]

[An officer or employee of _____ *<insert name of state or local government agency that employs public officer>* is a *public officer.*]

(Pub. 1284)

Copyright 2008 Judicial Council of California. Published by LexisNexis Matthew Bender, official publisher of the Judicial Council Jury Instructions.

[An *emergency medical technician* is someone who holds a valid
certificate as an emergency medical technician.]

[The duties of (a/an) _____ *<insert title of peace officer,
public officer, or emergency medical technician>* include _____
*<insert job duties>.*]

*<When lawful performance is an issue, give the following paragraph
and Instruction 2670, Lawful Performance: Peace Officer.>*

[A peace officer is not lawfully performing his or her duties if he
or she is (unlawfully arresting or detaining someone/ [or] using
unreasonable or excessive force in his or her duties). Instruction
2670 explains (when an arrest or detention is unlawful/ [and] when
force is unreasonable or excessive).]

[[The People allege that the defendant (resisted[,]/ [or]
obstructed[,]/ [or] delayed) _____ *<insert name, excluding
title>* by doing the following: _____ *<insert description of
acts when multiple acts alleged>.*] You may not find the defendant
guilty unless you all agree that the People have proved that the
defendant committed at least one of the alleged acts of (resisting[,]/
[or] obstructing[,]/ [or] delaying) a (peace officer/public officer/
emergency medical technician) who was lawfully performing his or
her duties, and you all agree on which act (he/she) committed.]

[If a person intentionally goes limp, requiring an officer to drag or
carry the person in order to accomplish a lawful arrest, that
person may have willfully (resisted[,]/ [or] obstructed[,]/ [or]
delayed) the officer if all the other requirements are met.]

---

*New January 2006; Revised June 2007*

## BENCH NOTES

*Instructional Duty*

The court has a **sua sponte** duty to give this instruction defining the elements
of the crime.

The court may use the optional bracketed language in the penultimate
paragraph to insert a description of the multiple acts alleged if appropriate.

"[I]f a defendant is charged with violating section 148 and the arrest is found
to be unlawful, a defendant cannot be convicted of that section." (*People v.
White* (1980) 101 Cal.App.3d 161, 166 [161 Cal.Rptr. 541].) An unlawful

581

(Pub. 1284)

Copyright 2008 Judicial Council of California. Published by LexisNexis Matthew Bender,
official publisher of the Judicial Council Jury Instructions.

arrest includes both an arrest made without legal grounds and an arrest made with excessive force. (*Id.* at p. 167.) "[D]isputed facts bearing on the issue of legal cause must be submitted to the jury considering an engaged-in-duty element." (*People v. Gonzalez* (1990) 51 Cal.3d 1179, 1217 [275 Cal.Rptr. 729, 800 P.2d 1159].) The court has a **sua sponte** duty to instruct that the defendant is not guilty of the offense charged if the arrest was unlawful. (*People v. Olguin* (1981) 119 Cal.App.3d 39, 46–47 [173 Cal.Rptr. 663].) On request, the court must instruct that the prosecution has the burden of proving the lawfulness of an arrest beyond a reasonable doubt. (*People v. Castain* (1981) 122 Cal.App.3d 138, 145 [175 Cal.Rptr. 651].)

If lawful performance is an issue, give the bracketed paragraph on lawful performance and the appropriate portions of CALCRIM No. 2670, *Lawful Performance: Peace Officer.* When giving the portion of CALCRIM No. 2670 on the "use of force," the court **must** either delete the following sentence or specify that this sentence does not apply to a charge of violating Penal Code section 148: "If a person knows, or reasonably should know, that a peace officer is arresting or detaining him or her, the person must not use force or any weapon to resist an officer's use of reasonable force." (*People v. White, supra,* 101 Cal.App.3d at pp. 168–169 [court must clarify that Pen. Code, § 834a does not apply to charge under section 148].)

If the prosecution alleges multiple, distinct acts of resistance, the court has a **sua sponte** duty to instruct on unanimity. (*People v. Moreno* (1973) 32 Cal.App.3d Supp. 1, 9 [108 Cal.Rptr. 338].) Give CALCRIM No. 3500, *Unanimity,* if needed.

The jury must determine whether the alleged victim is a peace officer. (*People v. Brown* (1988) 46 Cal.3d 432, 444–445 [250 Cal.Rptr. 604, 758 P.2d 1135].) The court may instruct the jury on the appropriate definition of "peace officer" from the statute (e.g., "a Garden Grove Regular Police Officer and a Garden Grove Reserve Police Officer are peace officers"). *(Ibid.)* However, the court may not instruct the jury that the alleged victim was a peace officer as a matter of law (e.g., "Officer Reed was a peace officer"). *(Ibid.)* If the alleged victim is a police officer, give the bracketed sentence that begins with "A person employed as a police officer." If the alleged victim is another type of peace officer, give the bracketed sentence that begins with "A person employed by."

The court may give the bracketed sentence that begins with "The duties of a _____ <insert title . . . > include" on request. The court may insert a description of the alleged victim's duties such as "the correct service of a facially valid search warrant." (*People v. Gonzalez* (1990) 51 Cal.3d 1179,

(Pub. 1284)

Copyright 2008 Judicial Council of California. Published by LexisNexis Matthew Bender, official publisher of the Judicial Council Jury Instructions.

1222 [275 Cal.Rptr. 729, 800 P.2d 1159].)

If the facts indicate passive resistance to arrest, give the bracketed sentence that begins with "If a person goes limp." (*In re Bacon* (1966) 240 Cal.App.2d 34, 53 [49 Cal.Rptr. 322].)

## AUTHORITY

- Elements.  Pen. Code, § 148(a); see *In re Muhammed C.* (2002) 95 Cal.App.4th 1325, 1329 [116 Cal.Rptr.2d 21].

- General-Intent Crime.  *In re Muhammed C.* (2002) 95 Cal.App.4th 1325, 1329 [116 Cal.Rptr.2d 21].

- Knowledge Required.  *People v. Lopez* (1986) 188 Cal.App.3d 592, 599–600 [233 Cal.Rptr. 207].

- Multiple Violations Permissible If Multiple Officers.  Pen. Code, § 148(e).

- Peace Officer Defined.  Pen. Code, § 830 et seq.

- Emergency Medical Technician Defined.  Health & Saf. Code, §§ 1797.80–1797.84.

- Delaying Officer From Performing Duties.  *People v. Allen* (1980) 109 Cal.App.3d 981, 985–986, 987 [167 Cal.Rptr. 502].

- Verbal Resistance or Obstruction.  *People v. Quiroga* (1993) 16 Cal.App.4th 961, 968, 970–972 [20 Cal.Rptr.2d 446] [nondisclosure of identity following arrest for felony, not misdemeanor]; *People v. Green* (1997) 51 Cal.App.4th 1433, 1438 [59 Cal.Rptr.2d 913] [attempt to intimidate suspected victim into denying offense].

- Passive Resistance to Arrest.  *In re Bacon* (1966) 240 Cal.App.2d 34, 53 [49 Cal.Rptr. 322].

- Unanimity.  *People v. Moreno* (1973) 32 Cal.App.3d Supp. 1, 9 [108 Cal.Rptr. 338].

*Secondary Sources*

2 Witkin & Epstein, California Criminal Law (3d ed. 2000) Crimes Against Governmental Authority, §§ 18–19.

1 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 11, *Arrest,* § 11.06[3][b] (Matthew Bender).

Copyright 2008 Judicial Council of California. Published by LexisNexis Matthew Bender, official publisher of the Judicial Council Jury Instructions.

**CALCRIM No. 2656**          CRIMES AGAINST GOVERNMENT

4 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 85, *Submission to Jury and Verdict,* § 85.02[2][a][i] (Matthew Bender).

**2657–2669.   Reserved for Future Use**

584

Copyright 2008 Judicial Council of California. Published by LexisNexis Matthew Bender, official publisher of the Judicial Council Jury Instructions.

# F.   LAWFUL PERFORMANCE

## 2670.  Lawful Performance: Peace Officer

The People have the burden of proving beyond a reasonable doubt that _____ *<insert name, excluding title>* was lawfully performing (his/her) duties as a peace officer. If the People have not met this burden, you must find the defendant not guilty of _____ *<insert name[s] of all offense[s] with lawful performance as an element>.*

A peace officer is not lawfully performing his or her duties if he or she is (unlawfully arresting or detaining someone/ [or] using unreasonable or excessive force when making or attempting to make an otherwise lawful arrest or detention).

*<A. Unlawful Detention>*

[A peace officer may legally detain someone if [the person consents to the detention or if]:

1.  Specific facts known or apparent to the officer lead him or her to suspect that the person to be detained has been, is, or is about to be involved in activity relating to crime;

    AND

2.  A reasonable officer who knew the same facts would have the same suspicion.

Any other detention is unlawful.

In deciding whether the detention was lawful, consider evidence of the officer's training and experience and all the circumstances known by the officer when he or she detained the person.]

*<B. Unlawful Arrest>*

[A peace officer may legally arrest someone [either] (on the basis of an arrest warrant/ [or] if he or she has probable cause to make the arrest).

Any other arrest is unlawful.

Probable cause exists when the facts known to the arresting officer

585                                    (Pub. 1284)

Copyright 2008 Judicial Council of California. Published by LexisNexis Matthew Bender, official publisher of the Judicial Council Jury Instructions.

at the time of the arrest would persuade someone of reasonable caution that the person to be arrested has committed a crime.

In deciding whether the arrest was lawful, consider evidence of the officer's training and experience and all the circumstances known by the officer when he or she arrested the person.

*<Arrest without warrant for most misdemeanors or infractions>*

[In order for an officer to lawfully arrest someone without a warrant for a misdemeanor or infraction, the officer must have probable cause to believe that the person to be arrested committed a misdemeanor or infraction in the officer's presence.]

*<Arrest without warrant for felony or misdemeanor not requiring commission in officer's presence; see Bench Notes>*

[In order for an officer to lawfully arrest someone for (a/an) (felony/ [or] _____ *<insert misdemeanor not requiring commission in officer's presence>*) without a warrant, the officer must have probable cause to believe the person to be arrested committed (a/an) (felony/ [or] _____ *<insert misdemeanor not requiring commission in officer's presence>*). However, it is not required that the offense be committed in the officer's presence.]

_____ *<insert crime that was basis for arrest>* is (a/an) (felony/misdemeanor/infraction).

*<Entering home without warrant>*

[In order for an officer to enter a home to arrest someone without a warrant [and without consent]:

1. The officer must have probable cause to believe that the person to be arrested committed a crime and is in the home;

AND

2. Exigent circumstances require the officer to enter the home without a warrant.

The term *exigent circumstances* describes an emergency situation that requires swift action to prevent (1) imminent danger to life or serious damage to property, or (2) the imminent escape of a suspect or destruction of evidence.]

[The officer must tell that person that the officer intends to arrest

586    (Pub. 1284)

Copyright 2008 Judicial Council of California. Published by LexisNexis Matthew Bender, official publisher of the Judicial Council Jury Instructions.

CRIMES AGAINST GOVERNMENT                CALCRIM No. 2670

him or her, why the arrest is being made, and the authority for the arrest. [The officer does not have to tell the arrested person these things if the officer has probable cause to believe that the person is committing or attempting to commit a crime, is fleeing immediately after having committed a crime, or has escaped from custody.] [The officer must also tell the arrested person the offense for which he or she is being arrested if he or she asks for that information.]]]

*<C. Use of Force>*

[Special rules control the use of force.

A peace officer may use reasonable force to arrest or detain someone, to prevent escape, to overcome resistance, or in self-defense.

[If a person knows, or reasonably should know, that a peace officer is arresting or detaining him or her, the person must not use force or any weapon to resist an officer's use of reasonable force. [However, you may not find the defendant guilty of resisting arrest if the arrest was unlawful, even if the defendant knew or reasonably should have known that the officer was arresting him.]]

If a peace officer uses unreasonable or excessive force while (arresting or attempting to arrest/ [or] detaining or attempting to detain) a person, that person may lawfully use reasonable force to defend himself or herself.

A person being arrested uses reasonable force when he or she: (1) uses that degree of force that he or she actually believes is reasonably necessary to protect himself or herself from the officer's use of unreasonable or excessive force; and (2) uses no more force than a reasonable person in the same situation would believe is necessary for his or her protection.]

*New January 2006*

## BENCH NOTES

*Instructional Duty*

The court has a **sua sponte** duty to give this instruction if there is sufficient evidence that the officer was not lawfully performing his or her duties and lawful performance is an element of the offense. (*People v. Gonzalez* (1990)

587                                                    (Pub. 1284)

Copyright 2008 Judicial Council of California. Published by LexisNexis Matthew Bender, official publisher of the Judicial Council Jury Instructions.

**CALCRIM No. 2670**          CRIMES AGAINST GOVERNMENT

51 Cal.3d 1179, 1217 [275 Cal.Rptr. 729, 800 P.2d 1159] ["disputed facts
bearing on the issue of legal cause must be submitted to the jury considering
an engaged-in-duty element"]; *People v. Olguin* (1981) 119 Cal.App.3d 39,
46–47 [173 Cal.Rptr. 663]; *People v. Castain* (1981) 122 Cal.App.3d 138,
145 [175 Cal.Rptr. 651]; *People v. White* (1980) 101 Cal.App.3d 161,
166–168 [161 Cal.Rptr. 541].)

Give section A if there is an issue as to whether the officer had a legal basis
to detain someone. Give section B if there is an issue as to whether the
officer had a legal basis to arrest someone. Give section C if there is an issue
as to whether the officer used excessive force in arresting or detaining
someone. If the issue is whether the officer used excessive force in some
other duty, give section C with any necessary modifications.

If this instruction is only relevant to a charge of violating Penal Code section
148, the court **must not give** the bracketed sentence in section C that begins
with "If a person knows, or reasonably should know, that a peace officer is
arresting or detaining him or her." (*People v. White, supra,* 101 Cal.App.3d
at pp. 168–169 [court must clarify that Penal Code section 834a does not
apply to charge under section 148].) If the case does not involve an alleged
violation of Penal Code section 148 (either as a charge offense or as a
lesser), the court should give that bracketed sentence. If the case involves an
alleged violation of Penal Code section 148 as well as other offenses in
which lawful performance is an element, the court may give the bracketed
sentence but must also give the sentence that begins with "However, you
may not find the defendant guilty of resisting arrest."

When giving the bracketed section under the heading "A. Unlawful
Detention," if there is a factual issue about whether the person was in fact
"detained," the court should provide the jury with a definition of when a
person is detained. Similarly, if there is a factual issue as to whether the
person consented to the detention, the court should instruct on consent. (See
*People v. Wilkins* (1993) 14 Cal.App.4th 761, 777 [17 Cal.Rptr.2d 743].)

In the section headed "B. Unlawful Arrest," two options are provided for
arrests without a warrant. The general rule is that an officer may not make an
arrest for a misdemeanor or infraction unless the offense was committed in
the officer's presence. (See Pen. Code, § 836(a)(1).) Statutes provide
exceptions to this requirement for some misdemeanors. (See, e.g., Pen. Code,
§ 836(c) [violation of domestic violence protective or restraining order]; Veh.
Code, § 40300.5 [driving under the influence plus traffic accident or other
specified circumstance].) If the officer made the arrest for an infraction or a
misdemeanor falling under the general rule, give the bracketed paragraph

588

(Pub. 1284)

Copyright 2008 Judicial Council of California. Published by LexisNexis Matthew Bender,
official publisher of the Judicial Council Jury Instructions.

CRIMES AGAINST GOVERNMENT                    CALCRIM No. 2670

under the heading "Arrest without warrant for most misdemeanors or infraction." If the officer made the arrest for a felony or misdemeanor not requiring commission in the officer's presence give the bracketed paragraph under the heading "Arrest without warrant for felony or misdemeanor not requiring commission in officer's presence." The court may also give both bracketed paragraphs, if appropriate.

Give the bracketed section about entering a home without a warrant if the arrest took place in a home. (*People v. Wilkins* (1993) 14 Cal.App.4th 761, 777 [17 Cal.Rptr.2d 743].) If there is a factual issue about whether the officer had consent to enter the home, the court must also instruct on the legal requirements for consent. *(Ibid.)*

## AUTHORITY

- Instructional Duty. *People v. Gonzalez* (1990) 51 Cal.3d 1179, 1217 [275 Cal.Rptr. 729, 800 P.2d 1159]; *People v. Olguin* (1981) 119 Cal.App.3d 39, 46–47 [173 Cal.Rptr. 663]; *People v. Castain* (1981) 122 Cal.App.3d 138, 145 [175 Cal.Rptr. 651]; *People v. White* (1980) 101 Cal.App.3d 161, 166–168 [161 Cal.Rptr. 541].

- Lawful Detention.   *People v. Celis* (2004) 33 Cal.4th 667, 674–675 [16 Cal.Rptr.3d 85, 93 P.3d 1027].

- Lawful Arrest.   Pen. Code, §§ 834–836, 841.

- Probable Cause Defined.   *People v. Celis* (2004) 33 Cal.4th 667, 673 [16 Cal.Rptr.3d 85, 93 P.3d 1027]; *People v. Fischer* (1957) 49 Cal.2d 442, 446 [317 P.2d 967].

- Officer's Training and Experience Relevant.   *People v. Lilienthal* (1978) 22 Cal.3d 891, 899 [150 Cal.Rptr. 910, 587 P.2d 706]; *People v. Clayton* (1970) 13 Cal.App.3d 335, 338 [91 Cal.Rptr. 494].

- Duty to Submit to Arrest or Detention.   Pen. Code, § 834(a); *People v. Allen* (1980) 109 Cal.App.3d 981, 985 [167 Cal.Rptr. 502]; *People v. Curtis* (1969) 70 Cal.2d 347, 351 [74 Cal.Rptr. 713, 450 P.2d 33].

- Exigent Circumstances to Enter Home.   *People v. Wilkins* (1993) 14 Cal.App.4th 761, 777 [17 Cal.Rptr.2d 743]; *People v. Ramey* (1976) 16 Cal.3d 263, 276 [127 Cal.Rptr. 629, 545 P.2d 1333]; *People v. Hoxter* (1999) 75 Cal.App.4th 406, 414, fn. 7 [89 Cal.Rptr.2d 259].

- Reasonable Force.   Pen. Code, §§ 692, 693.

- Excessive Force Makes Arrest Unlawful.   *People v. White* (1980) 101 Cal.App.3d 161, 166–168 [161 Cal.Rptr. 541].

- Excessive Force Triggers Right to Self-Defense With Reasonable

(Pub. 1284)

Copyright 2008 Judicial Council of California. Published by LexisNexis Matthew Bender, official publisher of the Judicial Council Jury Instructions.

**CALCRIM No. 2670**                    CRIMES AGAINST GOVERNMENT

Force. *People v. Curtis* (1969) 70 Cal.2d 347, 356 [74 Cal.Rptr. 713, 450 P.2d 33].

### Secondary Sources

1 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 11, *Arrest,* §§ 11.01–11.06 (Matthew Bender).

3 Millman, Sevilla & Tarlow, California Criminal Defense Practice, Ch. 73, *Defenses and Justifications,* § 73.15[1], [2] (Matthew Bender).

## RELATED ISSUES

### Service of Warrant

An officer is lawfully engaged in his or her duties if he or she is correctly serving "a facially valid search or arrest warrant, regardless of the legal sufficiency of the facts shown in support of the warrant." (*People v. Gonzalez* (1990) 51 Cal.3d 1179, 1222 [275 Cal.Rptr. 729, 800 P.2d 1159].) On the other hand, "the proper *service* of a warrant is a jury issue under the engaged-in-duty requirement." (*Id.* at p. 1223 [emphasis in original].) If there is a factual dispute over the manner in which the warrant was served, the court should instruct the jury on the requirements for legal service of the warrant. *(Ibid.)*

### Lawfulness of Officer's Conduct Based on Objective Standard

The rule "requires that the officer's lawful conduct be established as an objective fact; it does not establish any requirement with respect to the defendant's mens rea." (*People v. Jenkins* (2000) 22 Cal.4th 900, 1020 [95 Cal.Rptr.2d 377, 997 P.2d 1044].) The defendant's belief about whether the officer was or was not acting lawfully is irrelevant. (*Id* at p. 1021.)

(Pub. 1284)

Copyright 2008 Judicial Council of California. Published by LexisNexis Matthew Bender, official publisher of the Judicial Council Jury Instructions.