# McNamara, Dodge, Ney, Beatty, Slattery, Pfalzer, Borges & Brothers LLP

ATTORNEYS AT LAW

MICHAEL J. NEY
THOMAS G. BEATTY
ROBERT M. SLATTERY
THOMAS E. PFALZER
GUY D. BORGES
ROGER J. BROTHERS
GARY R. JOHNSON
JAMES V. FITZGERALD, III
MARTIN J. AMBACHER
ROBERT W. HODGES
J. WESLEY SMITH
PAUL B. WALSH
ANN H. LARSON
R. DEWEY WHEELER
SETH J. SCHWARTZ
ROBERT W. LAMSON

RICARDO A. MARTINEZ
DIANNE KREMEN COLVILLE
LISA R. ROBERTS
DENISE BILLUPS-SLONE
J. LUCIAN DODSON III
JAMES E. ALLEN
ERIC G. LUNDBERG
DENISE J. SERRA
WILMA J. GRAY
HOWARD PATRICK SWEENEY
PETER J. HIRSIG
PATRICK L. MOORE
RICHARD M. McNEELY
GARY A. WATT
NOAH G. BLECHMAN
MICHAEL P. CLARK

JENIFER K. LEECE
BARBARA L. MILLER
CATHLEEN A. IRWIN
JENNIFER A. PHILLIPS
SUZANNE FOLEY SPRAGUE
SHARON A. GARSKE
MILOSLAV KHADILKAR
PETER W. SEKELICK
JEANNE C. SHIH
TONYA R. DRAEGER
HENRY WILLIAMS III
MATTHEW P. SULLIVAN
CARRIE E. CROXALL
AARON M. SCOLARI
SHAWN F. HARDING
PETRA BRUGGISSER

CHRISTOPHER N. ODNE
NOLAN S. ARMSTRONG
MARK P. IEZZA
CHRISTOPHER T. LUSTIG
BARTON J. CERIONI
RYAN J. BARNCASTLE
MILJOY B. LINSAO
TANNER D. BRINK
CHRISTINE E. GARSKE
WILLIAM L. McCASLIN
CONNOR M. DAY
KEVIN T. KERR
ANDREA N. de KONING
NATHANIEL A. SMITH
RAYELLE D. SABO
J. GARRET DEAL

1211 NEWELL AVENUE
WALNUT CREEK, CA 94596-5331

**PLEASE RESPOND TO:**
P.O. BOX 5288
WALNUT CREEK, CA 94596

TELEPHONE: (925) 939-5330
FACSIMILE: (925) 939-0203

www.mcnamaralaw.com

SOLANO COUNTY OFFICE
639 KENTUCKY STREET, FIRST FLOOR
FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-3998
FACSIMILE: (707) 427-0268

SAN JOAQUIN COUNTY OFFICE
2316 ORCHARD PARKWAY, SUITE 120
TRACY, CA 95377
TELEPHONE: (877) 839-5330
FACSIMILE: (209) 839-6758

PARTNERS EMERITUS
DANIEL J. McNAMARA
DOUGLAS C. McCLURE

RICHARD E. DODGE
(1941 – 2000)

OF COUNSEL
WILLIAM K. HOUSTON, JR.
ANTHONY J. DeMARIA

August 4, 2008

Noah G. Blechman
noah.blechman@mcnamaralaw.com

Hon. Magistrate Judge James Larson
U.S. District Court, Northern District of California
450 Golden Gate Avenue, 15th Floor
San Francisco, CA 94102

   Re:  **Quesada, et al. v. City of Antioch et al.**
      Case No. C08-1567 JL

Dear Hon. Judge Larson:

  This letter is a brief reply[1] to the skeletal and hollow two page opposition letter filed by Plaintiffs' counsel on Sunday, August 3, 2008, at 9:45 p.m. (late last night). Initially, Plaintiffs opposition letter was filed **late** and should, therefore, be stricken and Defendants' letter motion for a stay deemed unopposed. At the July 9, 2008, case management conference, Defendants agreed to file this letter motion by no later than Friday, July 25th, and the Court gave Plaintiffs one week to file any opposition, meaning the opposing letter was due filed by no later than Friday, August 1st. Two days after this deadline, a deadline that Plaintiffs' counsel did not object to at the case management conference, Plaintiffs filed their opposing letter. Such a letter is tardy and the Court should disregard it.

  Should the Court consider Plaintiffs' untimely opposing letter, turning the substance of the Plaintiffs' opposition, or rather the lack thereof, it is clear that a stay is warranted here. In opposition to Defendants' exhaustive 13 page letter motion, analyzing the *Younger* abstention issue and the complex interplay between the pending criminal charges for resisting arrest and the

---

[1] The Court stated that a reply brief by Defendants was optional and Defendants have availed themselves of the option to reply to Plaintiffs' gaunt and unpersuasive opposition arguments.

Hon. Magistrate Judge James Larson
August 4, 2008
Page 2

Re:   Quesada, et al. v. City of Antioch et al.,
      Case No. C08-1567 JL

Heck v. Humphrey line of cases, **Plaintiffs cite absolutely no legal authority** for their position that a stay should not be ordered in this matter.

   Instead, Plaintiffs two page letter provides a rhetorical diatribe of closing argument type comments, none of which have any legal significance or backing. Plaintiffs do not distinguish the binding and persuasive authorities cited by Defendants, nor do Plaintiffs provide any authoritative arguments to oppose Defendants letter motion for a stay. As the Court can plainly see per Defendants' letter motion, having this civil case go forward without any final resolution of the pending criminal charges would be a mistake. Though Plaintiffs may find it "patently ridiculous" (Plaintiffs' Letter, pg. 1 ¶ 3) that their convictions may have a significant impact on the triable issues in this civil case arising out of those convictions, such is the status of the law in this jurisdiction. Plaintiffs cite no legal authority to justify or rationalize the basis for their "ridiculous" beliefs. Without any binding or persuasive authority, Plaintiffs arguments fall flat.

   Moreover, Defendants never have stated that "there can be no actionable excessive force in a case where the plaintiff has been convicted of resisting arrest," as Plaintiffs misapprehend (Plaintiffs' Letter, pg. 1 ¶ 3). Rather, Defendants have simply stated, as backed by legal authorities from the Ninth Circuit and Northern District, coupled with common sense, that convictions for resisting arrest may have a direct impact on evidentiary issues in a subsequent civil excessive force/wrongful arrest case, as is the case here. In other words, convictions for resisting arrest may have a preclusive or collateral estoppel effect on the issues that Plaintiffs seek to litigate in this civil case, mandating that this case be stayed until the criminal cases are complete per Younger and Heck and their progeny.

   It is not surprising that Plaintiffs' counsel, who are also involved in defending the three Plaintiffs (criminal defendants) in the pending criminal matters, contend that the arrests of their clients were wrongful and the pending prosecution is based upon lies and a cover-up. Such a position is consistent with generic arguments on behalf of claimed "innocent" criminal defendants when criminal matters are pending. However, Plaintiffs provide no evidence to support their subjective allegations of police and prosecutorial misconduct relating to the pending criminal cases. As the Court is well aware, this matter is being prosecuted by the Contra Costa County District Attorney's Office, a separate entity and agency, different than the arresting entity of the Antioch Police Department (City of Antioch). The officers of the Antioch Police Department made their arrests in relation to this incident and then referred the matter to the District Attorney's Office who, in turn, made the discretionary decision to formally charge and pursue criminal charges against three involved Plaintiffs (criminal defendants), not all arrestees. There is no evidence that the Antioch Police Department or the City of Antioch had any hand in the decision by the District Attorney's Office, a separate entity and agency, to charge these Plaintiffs (criminal defendants) and/or to not charge the other Plaintiffs who were arrested.

Re: <u>Quesada, et al. v. City of Antioch et al.,</u>
Case No. C08-1567 JL

Obviously, Defendants would have liked to see all Plaintiffs formally charged arising out of their arrests, though that decision rested solely with the District Attorney's Office.

Though the argument has not been succinctly set forth by Plaintiffs, nor any authority cited, Plaintiffs cannot argue that the pending criminal cases are being brought in bad faith and, therefore, a stay should not be entered. Plaintiffs have not set forth any evidence (other than closing arguments) to support such an assertion. If state proceedings are conducted in bad faith or to harass the litigant, the district court may exercise jurisdiction even when the criteria for <u>Younger</u> abstention have been met. <u>Baffert v. California Horse Racing Board</u>, 332 F.3d 613, 621 (9th Cir. 2003). It is Plaintiffs burden to show bad faith which means to demonstrate that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction. <u>Id.</u>; citing <u>Kugler v. Helfant</u>, 421 U.S. 117, 126 n. 6 (1975). Plaintiff has not set forth any evidence to support such an assertion here.

On the contrary, the state criminal proceedings have been brought against only three of the six arrested Plaintiffs. Based upon that fact, it is reasonable to infer that the District Attorney's Office believes these three pending criminal cases were stronger resisting arrest cases than in relation to the other three Plaintiffs who have not been charged. Further, Antioch Police Department officers will testify in accordance with their police reports which document Plaintiffs resistance. The District Attorney's Office's expectation of obtaining a valid conviction in relation to these three Plaintiffs (criminal defendants) is reasonable and justified. All in all, Plaintiffs have not and cannot prove their burden that the District Attorney's Office has no reasonable expectation of obtaining a valid conviction for the pending criminal cases. Plaintiffs cannot avail themselves of this rare exception to <u>Younger</u> when the criteria for <u>Younger</u> abstention have been met, as is the case here.

To further highlight the wanton opposition arguments, Plaintiffs seek to try to appeal to the Court's emotions by including information regarding a separate and distinct lawsuit against the City of Antioch arising out of alleged improprieties in dealing with citizens and their Section 8 housing status. Those issues have absolutely no bearing on the claimed excessive force and wrongful arrest allegations at the heart of this case and certainly have no bearing on the issue of whether or not this matter should be stayed. Plaintiffs inflammatory inclusion of information regarding the Section 8 housing matter should be totally disregarded and Defendants move to strike all of Plaintiffs' exhibits per the Federal Rules of Evidence as they are irrelevant, have not been properly authenticated, include improper hearsay and do not bear on the issues at hand. FRE 402, 800 et seq., 901.

Even though Plaintiffs concede that they will not object on 5th Amendment grounds to questions to the Plaintiffs (criminal defendants) at deposition while their criminal actions are

Hon. Magistrate Judge James Larson
August 4, 2008
Page 4

Re:   Quesada, et al. v. City of Antioch et al.,
      Case No. C08-1567 JL

pending, this accommodation does not settle the issue as Defendants defenses and evaluation of this case cannot be realized until Plaintiffs' criminal cases are complete.[2]  In that vein, absent a stay in this matter until the pending criminal cases are resolved, Defendants would be prejudiced by having to move forward in this matter whereas Plaintiffs would be given an unfair advantage. For example, if a stay is not granted, Plaintiffs will no doubt seek to focus their discovery efforts on obtaining information helpful to defending themselves in the pending criminal cases.  Further, Plaintiffs will also likely seek discovery of documentation that would not be available in the state criminal proceedings, for example, personnel related records of the involved officers.  Therefore, it would be an abuse of discretion for the Court to allow this civil action to proceed while the intricately entwined criminal matters are pending per the meaningful authorities cited by Defendants, authorities which have not been adequately addressed, opposed or distinguished by Plaintiffs in their meager opposition.  Under the clear weight of authority cited by Defendants, a stay is warranted here until the criminal cases have resolved.

Should you have any questions, please do not hesitate to contact the undersigned, or James V. Fitzgerald, III, the lead trial attorney on this matter.

Very truly yours,

Noah G. Blechman

NGB:ssa

Cc:   Jai M. Gohel, Esq.
      Dennis Cunningham, Esq.

---

[2] Plaintiffs have also conceded that it would be impractical to stay a portion of this action and allow it to continue with regard to the other non-criminal Plaintiffs.  We agree with this all or nothing position of the Plaintiffs, meaning the entire action should be stayed and not simply a portion.  (Plaintiffs' Letter, pg. 2 ¶ 1).