UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC QUESADA, et al., | No. C 08-1567 JL |
| Plaintiffs, | |
| v. | **STAY** |
| CITY OF ANTIOCH, et al., | **(Granting Docket # 10)** |
| Defendants. | |
| _____/ | |

### Introduction

The Court has original federal jurisdiction in this case pursuant to the Fourth Amendment to the U.S. Constitution, and 42 U.S.C. §1983 and 1986; and supplemental jurisdiction over Plaintiffs' claims under California law, pursuant to 28 U.S.C. §1367. All parties consented to the jurisdiction of this Court pursuant to 28 U.S.C. §636(c) and Civil Local Rule 73. Defendants moved for a stay of this civil action as to all Plaintiffs, pending resolution of criminal charges against three of the Plaintiffs. The parties raised the issue of a stay at the case management conference and the Court permitted letter briefing. The Court read and considered all the papers filed by the parties and hereby grants the stay.

### Background

Plaintiffs were arrested by members of the Police Department of the City of Antioch following an incident at a bar. They claim that the police officers used excessive force and

wrongfully arrested them. Three of the Plaintiffs are facing criminal charges. Plaintiff Eric Quesada, the alleged instigator of the incident, is charged with misdemeanor violations of California Penal Code §69 and 148(a)(1), resisting arrest. The other two Plaintiffs Benny Pugh and Juan Carlos Rivera, are also charged with violations of California Penal Code §148(a)(1). In all, six Plaintiffs filed this lawsuit alleging violations of their civil rights and other claims under federal and California law.

Defendants ask this Court to stay proceedings in this civil case as to all Plaintiffs, pending the outcome of the criminal cases against three of the Plaintiffs.

### *Younger* Abstention

The U.S. Supreme Court in *Younger* heard a challenge to a district court injunction against enforcement of the California Criminal Syndicalism Act on the basis that it was unconstitutional. The Court reversed the district court and lifted the injunction, holding that equitable relief was unwarranted for three reasons: (1) because a proceeding was pending in state court when the federal plaintiff sought to enjoin it, (2) the state proceeding afforded the claimant an opportunity to raise his constitutional claims and (3) there was no showing that the state prosecution was brought in bad faith. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971).  The Court observed that Congress over the years has manifested an intent to permit state courts to try state cases free from federal interference due to the constraints of equity jurisdiction and the concern for comity in our federal system, with comity being the more vital consideration.  *Id.*  Comity is a proper respect for state functions, including ongoing criminal prosecutions.  *Id.*

In the Ninth Circuit, a *Younger* abstention is appropriate if "(1) there are ongoing judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions." *Dubinka v. Judges of the Superior Court of the State of California* (9th Cir. 1994) 23 F.3d 218, 223. In the case at bar the first requirement of *Younger* as articulated by the court in *Dubinka* is met, because it is undisputed that there are ongoing criminal proceedings against three Plaintiffs in Contra Costa County Superior Court.  (See Exhibit A to Def. letter brief, filed

July 25, 2008 at Docket # 10). The second requirement of *Younger* is also satisfied because state criminal prosecutions implicate important state interests. *Juidice v. Vail*, 430 U.S. 327, 334 (1977). State criminal proceedings implicate California's interest in prosecuting state criminal laws, free from federal interference. *Peyton v. Burdick*, 2008 U.S. Dist. LEXIS 32198, *9 (E.D. Cal. 2008). The third requirement of *Younger* is also satisfied here, because, due to the fact that there are ongoing state criminal proceedings against these three Plaintiffs for resisting arrest, they can raise their federal claims that the officer(s) behavior was essentially unconstitutional (unjustified seizure and/or excessive force under the Fourth Amendment) in the criminal cases. If the prosecutor of the Contra Costa County Superior Court provides evidence that these Plaintiffs resisted arrest, Plaintiffs can defend those criminal allegations by setting forth evidence that the officers unlawfully arrested them and/or used unreasonable or excessive force to effect those arrests. As such, Plaintiffs will have an opportunity to litigate their claims of unconstitutional behavior under the Fourth Amendment in the ongoing state criminal proceedings, satisfying this third element of Younger.

In the recent case of *Peyton v. Burdick* 2008 WL 1776450 (E.D.Cal.,2008), a pro se prisoner and pre-trial detainee filed suit against the detective that arrested him for violating the terms of his parole by providing false and misleading evidence, committing perjury and also violating his Fourth Amendment right to be free from unreasonable arrest and his Fourteenth Amendment right to due process of law. *Id.* at *2. The Court found that the *Younger* requirements were met as the state criminal proceedings were ongoing, state criminal proceedings are important state interests, and Plaintiff had an adequate opportunity to litigate his claims of unconstitutional behavior in the state criminal action. *Id.* at *4 . All three elements of *Younger* being satisfied, and no extraordinary circumstances being demonstrated to prevent abstention, the federal action was stayed.

### *Heck v. Humphrey*

A further justification for a stay of these proceedings is to preserve Defendants' right to bring a motion to bar the involved Plaintiffs' constitutional claims should they be

convicted of resisting arrest per *Heck v. Humphrey*, 512 U.S. 477 (1994) (hereafter "*Heck*"). If Plaintiffs are convicted, this may validate the lawfulness of the officers' actions in arresting and using force to effect their arrests. Allowing Plaintiffs to then collaterally attack those convictions in this Federal action by claiming that the officers' actions were unconstitutional would be improper and may be inconsistent with their criminal convictions. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, pursuant to 42 U.S. C. § 1983 ("§ 1983"), a plaintiff must show that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Green v. Dunburgh*, 2002 WL 1067812, *3 (N.D.Cal. 2002), citing *Heck v. Humphrey*, 512 U.S. at 486-487. A claim for damages after a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.*

In *Heck*, the Supreme Court explained in footnote 6 that a successful § 1983 action, premised on a police officer's use of excessive force during an arrest, would necessarily imply the invalidity of the plaintiff's conviction for resisting that arrest in a state where the lawfulness of the resisted arrest was a prima facie element of the resisting-arrest offense. Heck, at 486 n.6. In California the lawfulness of the resisted arrest is a prima facie element of the crime of PC § 69 and PC § 148(a)(1). *Nuno v. County of San Bernardino*, 58 F. Supp.2d 1127, 1133 (C.D. Cal. 1999). Though courts have stated that *Heck* generally does not bar claims for use of excessive force during the course of an arrest, because such claims rarely imply the invalidity of most subsequent convictions or sentences, this rule does not apply to convictions under PC § 69 and similar crimes such as PC § 148(a)(1). *Green v. Dunburgh*, at 8-9.

In order to be convicted under PC § 69 or PC § 148(a)(1), the prosecutor must establish that the officer or officers were engaged "in the performance of his duty." *Green v. Dunburgh*, at 8-9. This requires that the officer be engaged in the "lawful" performance of his official duties. *Id.,* citing from *People v. Simons*, 42 Cal.App.4th 1100, 1108 (1996).

a conviction under PC § 69 or PC § 148(a)(1) affirms that the officers involved were engaged in the lawful performance of their official duties, including the force used to effect that arrest. In *Green*, the plaintiff claimed he was arrested with excessive force. *Green v. Dunburgh*, at *1. He pled no contest[1] to one count of resisting arrest, by the use of force or violence, executive officers in the performance of their duties, in violation of PC § 69. The officers moved for summary judgment under *Heck*. (*Id.*). The district court (Hon. Charles R. Breyer) found that plaintiff's claim that the defendant police officers used excessive force in the course of his arrest necessarily implies that the arrest was "unlawful" because "it is a public offense for a peace officer to use unreasonable and excessive force in effecting an arrest." *Id*. at *3, citing from *People v. Olguin*, 119 Cal.App.3d 39, 45 (1981).

    The court reasoned that a determination that the defendant officer used excessive force in the course of arresting Green therefore would impermissibly imply that the element of the officer's being engaged in the lawful performance of his duty was not satisfied and that the conviction under PC § 69 was invalid. *Green*, *Id.*; *Heck*, 512 U.S. at 487. As the force was used when the officer was trying to restrain and arrest Green, Judge Breyer ruled that Green's excessive force claim against the officer was barred under the rationale of *Heck* and must be dismissed. *Green*, *Id.*.

    This Court finds another valid basis for the stay of this matter: that Plaintiffs' convictions for resisting arrest under PC §§ 69 or 14(a)(1) may preclude them from claiming the involved officers' actions were unconstitutional per *Heck* and its progeny. Allowing this civil rights matter to move forward without a final determination as to the innocence or guilt of Plaintiffs regarding the charges of resisting arrest would essentially be forcing Defendants to waive their right to bring a motion per the *Heck* authorities on issues to be decided in the pending criminal actions. This is improper and Defendants seek to preserve their *Heck* arguments via a stay of this civil action pending the outcome of

---

[1] For purposes of *Heck* analysis, a plea of nolo contendere to these crimes in a California criminal action has the same force and effect as a guilty plea or jury verdict of guilty. *Nuno v. County of San Bernardino*, 58 F. Supp.2d 1127, 1135-1136 (C.D. Cal. 1999).

Plaintiffs' criminal cases. Convictions, whether via plea or jury verdict, may preclude Plaintiffs from raising some of the constitutional issues in this civil case. *Heck* and its progeny make it very clear that failing to stay this action would potentially expose Defendants to inconsistent findings regarding the same facts and circumstances surrounding the Plaintiffs' arrests. If the lawfulness of Plaintiffs' arrests are upheld in the state criminal proceeding, then Plaintiffs would be barred from re-litigating those same constitutional issues in this case and such claims may even be barred outright under *Heck*.

For Plaintiffs (the criminal defendants) to prove their claims of false arrest and excessive force against these Defendant officers, Plaintiffs would have to show that the officers acted unlawfully during the course of their arrests, which would be in contravention of the legal requirements for any conviction under PC §§ 69 and 148(a)(1). The *Heck* doctrine was created to prevent civil litigants from impermissibly attempting to collaterally attack their criminal convictions for certain crimes, for example under PC §§ 69 and 148(a)(1), in the civil arena. Here, it is clear that until Plaintiffs' criminal cases are resolved, the parties cannot yet determine whether or not Plaintiffs' civil rights claims in this civil action will be considered a collateral attack of their conviction. This is yet another basis upon which the Court should stay this entire action.

### Prejudice to Defendants of Partial Stay

Defendants would suffer severe prejudice if the Court attempted to stay only a portion of this matter as only half of the Plaintiffs have pending criminal cases. First, only Defendants would be burdened by such a ruling as Plaintiffs could conduct discovery freely while Defendants would likely be limited to discovery only as to those Plaintiffs who have no criminal charges pending. This would be an unfair advantage to the Plaintiffs. Second, if a portion of this matter goes forward and a portion is stayed, there is a good possibility that the trial of this civil matter could go forward before the final resolution of the Plaintiffs' (criminal defendants) criminal cases are complete, through appeal. This could expose Defendants to duplication of actions and would burden Defendants, a public entity and

public officers, to increased expenses and exposure. Finally, Plaintiff Eric Quesada was the alleged instigator that led to the disruptive behavior which, in essence, led to the arrests of all of the Plaintiffs. Preventing Defendants from taking discovery of the key Plaintiff would be unfair. Also, the arrest of all Plaintiffs are intertwined making it unreasonable and unfair to parse out some of the claims and Plaintiffs for discovery (and perhaps trial). A full and complete picture of all events on the date these Plaintiffs were arrested is needed to ensure Defendants of a fair trial and process. Only a complete stay of this entire action as to all Plaintiffs will suffice to preserve the status quo as to all parties, including the Defendants, and prevent unfair prejudice against Defendants.

## CONCLUSION AND ORDER

This Court finds several independent and persuasive reasons to stay this entire action. The Court applies the *Younger* abstention doctrine and finds that it justifies a stay of this entire action as Plaintiffs' criminal actions are still pending. Further, *Heck* and its progeny mandate a stay of this entire action to preserve Defendants' arguments and prevent Plaintiffs from collaterally attacking any conviction in this civil forum. A stay only as to a portion of this action would cause Defendants to suffer severe prejudice. Accordingly, Defendants' motion for stay is granted, pending resolution of the criminal cases against all Plaintiffs subject to criminal charges.

IT IS SO ORDERED.

DATED: August 29, 2008

James Larson
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\08-1567\Order grant 10-final.wpd